## WILLIAM W. ARMSTONG

*v.*

## THE PEOPLE OF THE STATE OF ILLINOIS.

1. VERDICT—*in criminal cases—surplusage will not vitiate.* In a prosecution of a party for administering drugs to a woman then pregnant with child, with intent to produce a miscarriage, the jury found the defendant guilty, and fixed his term of imprisonment in the penitentiary, "together with a fine of cne hundred dollars." The jury were not authorized under the law to fix any fine, yet the attempt thus to do so did not vitiate the verdict; that portion of it was rejected as surplusage.

2. SAME—*general verdict of "guilty."* A general verdict of "guilty," is sufficient, without specifying of what offence, either by description, by reference to the indictment, or otherwise. It is understood to mean, guilty of the offence charged in the indictment.

3. SAME—*upon several. counts.* It is no matter how many counts an indictment may contain, a general verdict of guilty, is a finding upon all of them.

4. JUDGMENT—*imposing a fine—adopting an improper verdict* Where a court, in entering a judgment upon a verdict in a criminal cause, which found the defendant guilty, and in addition to fixing the term of imprisonment, which it might do, also imposed a fine, which the jury could not do, adopted the verdict entire, it is *held,* the court having the power to impose the fine, its judgment would be none the less valid because of the adoption of the amount improperly fixed in the verdict.

WRIT OF ERROR to the Circuit Court of Rock Island county; the Hon. IRA O. WILKINSON, Judge, presiding.

This was an indictment in the court below against William W. Armstrong for feloniously administering, to a woman then pregnant with child, certain drugs and liquids with intent to procure a miscarriage.

The verdict of the jury was as follows:

" *The People of the State of Illinois* v. *William W. Armstrong;* We the jury in the above case find the defendant guilty, and fix his term of imprisonment in the penitentiary at two years, together with a fine of one hundred dollars."

The court adopted the verdict and entered a judgment accordingly. The defendant sued out this writ of error, and now questions the correctness of the verdict and judgment.

Mr. J. B. HAWLEY and Mr. GEO. W. PLEASANTS for the plaintiff in error:

The verdict is insufficient to warrant the judgment, or any judgment upon it.

1. The imposition of the fine is a material part of the verdict, and vitiates the verdict because the jury had no authority to impose it. *Gerard* v. *The People,* 3 Scam., 362; *Holliday* v. *The People,* 4 Gilm., 111.

The statutes under which the cases cited arose were identical in language with that in this case. Laws of 1833, p. 175, § 29, and p. 179, § 46; *Purple's Statutes,* p. 365, § 46.

The court could not lawfully adopt the finding of the jury as to the above fine, and if it did, such adoption could not amend the verdict. The jury alone could amend their verdict in matter of substance.

2.   The verdict is bad, for uncertainty, in not finding any specific offence, by description, by reference to the indictment or otherwise; and nothing can be taken by implication or intendment in a criminal case. · *Highland* v. *The People*, 1 Scam., 394; 1 Chitty's Cr. Law, 365; *Lady Alice Lisles' Case*, State Trials, Vol. 11, p. 374; *Rookwood's Case*, State Trials, Vol. 13, p. 222; *Cranburne's Case*, State Trials, Vol. 13 p. 266.

The Statute of Jeofails does not apply to criminal cases.

Mr. CHARLES BLANCHARD, State's attorney, for the people;

While conceding that the jury had no authority to impose a fine, yet insisted that portion of the verdict which was unauthorized might be rejected as surplusage.   *Coit* v. *Wolfes*, 1 Min., 134.

Mr. JUSTICE BREESE delivered the opinion of the court:

This was an indictment in the Rock Island Circuit Court against the plaintiff in error for feloniously administering to a woman then pregnant with child, certain drugs and liquids, with intent to procure a miscarriage.

The indictment was found under section 46 of the criminal code which is in these words: Every person who shall administer or cause to be administered or taken any such poison, substance or liquid with intention to procure the miscarriage of any woman then being with child, and shall thereof be duly convicted, shall be imprisoned for a term not exceeding three years in the penitentiary and fined in a sum not exceeding one thousand dollars. *Scates' Comp.* 381.    The plea was not guilty.

A trial was had, and the following verdict was rendered: We the jury in the above case, find the defendant guilty, and fix his term of imprisonment in the penitentiary at two years,

together with a fine of one hundred dollars. A motion was duly entered to set aside this verdict, which being overruled, a motion was then entered to arrest the judgment, which was also overruled, and the court, thereupon, in entering judgment, adopted the finding of the jury and assessed a fine of one hundred dollars, together with the costs.

The case is brough here by writ of error, and the only point made by plaintiff in error is, that the verdict is insufficient to warrant the judgment entered, or any judgment upon it.

It is conceded on both sides, that it was not competent for the jury to impose a fine upon the prisoner—they had only to determine the question of guilt, and to fix the term of imprisonment if found guilty. The question then arises, does this imposition of a fine by the jury, vitiate the verdict?

The old maxim, *utile per inutile non vitiatur*, is a salutary maxim, and is recognized in criminal, as well as in civil cases. The useful portion of this verdict, is the finding of guilty, and finding the term of imprisonment; the useless or superfluous portion, is the imposition of the fine. Without this portion of the verdict, the finding of the jury is unexceptionable on this point. This part of the verdict then, must be held as surplusage, and as such, not vitiating the other part, which the jury properly found. But it is said, the verdict is insufficient because it does not find the accused guilty of any specific offence, either by description, by reference to the indictment or otherwise.

Formerly, much strictness was required and observed in all criminal prosecutions. A culprit was required to be formally arraigned, and for purposes of identification, to hold up his hand and to be asked with great form and solemnity if he was guilty or not guilty, and if not guilty how would he be tried, and when the jury returned their verdict, they were required by the court to look upon the prisoner, and to the inquiry how do you find him, guilty or not guilty, then to respond guilty as charged, or not guilty, as the case might be.

But in modern practice these forms have been dispensed with, and the silent entry of the plea of not guilty by the accused himself or by his counsel, fulfils every requirement of the law as now understood and practiced. In those times of great strictness, a verdict would probably, have been held insufficient, which merely found the accused guilty, without the addition of, as charged, or as charged in the indictment, and some of the authorities go to that extent. But all criminal proceedings must be looked at in the light of common sense. What was the jury trying in this case? and what was the plea? It was the specific offence charged in the indictment and the plea was not guilty of that offence. The jury responded to the issue, that the accused was guilty. Guilty of. what? Can there be any other answer or reasonable understanding of the verdict, than that he was guilty of the offence charged? What other matter was the jury trying? There was no other offence before them, with which the accused was charged but the one described in the indictment, and the response by the jury of guilty, can be taken to mean nothing more or less, than that he was found guilty of the charge in the indictment. It is no matter how many counts an indictment may contain, a general verdict of guilty, is a finding upon all of them.

The case of *Highland* v. *The People*, 1 Scam. 392, to which plaintiff in error refers, was a case of larceny. The indictment contained two counts, in one of which the goods were described as of the value of twenty dollars. The verdict was as follows: We the jury find the defendant guilty and sentence him to the penitentiary for the term of three years. A motion in arrest of judgment was entered, and the following among other reasons were assigned in support of it. That the verdict is insufficient, because the jury did not find, by their verdict, that the defendant was guilty in manner and form as charged in the indictment. The jury did not find that the value of the goods stolen amounted to five dollars or more.

The first ground, this court did not consider well taken, as it was not noticed in the decision of the cause. The judgment was reversed on the ground that the verdict did not find the value of the property stolen, for the value of the property constituted the degree of the offence. If it was of less value than five dollars, it was not an offence punishable by imprisonment in the penitentiary, but in the county jail, hence the necessity that the verdict should find the value.

In this case, all the counts are of similar import, and the punishment the same under each and all, therefore, there was no necessity for anything more than a general finding of guilty by the jury, and fixing the term of imprisonment.

As to the suggestion that the court could not adopt the amount found by the jury, as its judgment as to the fine proper to be imposed, it is only necessary to say, the court was not prohibited from receiving the suggestion of a bystander on this point, provided the court was willing to take the responsibility, and incorporate it into its judgment. It does not matter in what way the mind of the court was influenced as to the amount of the fine, so it was not corruptly influenced, and the court had power to impose the fine.

What injury could possibly result, or could be worked to the prisoner, from the fact that the jury assumed the right to impose a fine? We can see none. On the contrary, such action of the jury, on the supposition they had the power to fine, doubtless induced them to fix a short term of imprisonment, so that the prisoner was really benefitted by such mistaken action. And the court, in adopting the judgment of the jury as its judgment, as to the amount of the fine, relieved the prisoner from a heavier fine which the court might have imposed.

We see no error in the record, and must affirm the judgment.

*Judgment affirmed.*