## Fletcher v. Massey.

1. *Attorney Fees under Statutes.*— In a suit for wages the court gave the following instruction: If the jury find for the plaintiff, the form of the verdict will be, " We, the jury, find for the plaintiff and fix her damages at $        for wages, and $        for attorney's fees," which was all the instruction given in the case (except one as to the form of a verdict) for the defendant, under the statute providing that whenever a servant or employe shall have cause to bring a suit for wages earned, and due and owing according to the terms of the employment, and shall establish by the decision of the court or jury that the amount for which the suit is brought is justly due and owing, and a demand therefor has been made in writing, etc., then it shall be the duty of the court to allow a reasonable attorney fee. It is for the court and not the jury to fix the amount to be allowed as the attorney fee, and the instruction was held erroneous.

2. *Attorney Fees—Demand for Amount Due.*—Under the provision of the " act providing for attorney's fees when a mechanic, laborer or servant sues for wages," (Laws, 1889, 362, Hur d's Statutes, 1891, 185,) if the amount recovered is less than the amount named in the demand in writing, required by the act, no attorney fees can be allowed.

3. *Set-off.*—Where the evidence of a set-off is not disputed it is the duty of the jury to allow the same.

Memorandum.—Action for damages. Appeal from a judgment for plaintiff, rendered by the County Court of Moultrie County; the Hon. JOHN D. PURVIS, County Judge, presiding. Heard in this court at the November term, A. D. 1892. Opinion filed March 6, 1893.

The opinion of the court states the case.

SPITLER & HUDSON, attorneys for appellant.

W. G. COCHRAN, attorney for appellee.

OPINION OF THE COURT, PLEASANTS, J.

Appellant, a widowed farmer, seventy-two years of age, employed appellee, a married woman living near, as his housekeeper, without any express agreement as to wages. The evidence tends to show her services were reasonably worth $2 per week. She served nine weeks and acknowledged the receipt of $9, on account. This suit was brought

before a justice of the peace, for the balance claimed, and in a trial by jury in the County Court, on appeal, she obtained judgment on a verdict for $7 as wages and $15 as attorney fees, which the court refused to set aside.

The defense offered was that she neglected her work to such an extent as to make her services worth not more than $1.50 per week, and set-off for board of her children.

She and two of them testified that when he came for her, she said she might as well not go if he charged her for the board of her little boy, and he replied, "What the boy eats will not break me up;" which he denied. She took her son, twelve years of age, with her, and he remained with her eight weeks. A younger son, eight years of age, came the second week and remained until she left. A married daughter, who seems to have been at the time of the engagement with the mother, but whether a widow, or living with her, does not appear, also stayed at defendant's house the last week of her service. There was nothing tending to show that the younger son and daughter or either of them came by invitation or at the request of defendant, and their board was shown, without contradiction, to be reasonably worth $2.50 per week each.

Appellee testified: "I worked for defendant as his house-keeper. I went there in May, 1891, and left in July. I think my services were reasonably worth two dollars per week. He has paid me nine dollars. He still owes me nine. I wrote him a letter and told him he owed me nine dollars." All of which she repeated on cross-examination. She further stated she could not write, but the letter was written as she dictated, by her daughter. It was identified by the latter, and contains the following: "I was at your house nine weeks. You owe me four dollars and a half, and if you don't pay it I will sue you for two dollars a week, and if you don't pay me with no trouble I will fix you for the next cook. I will give you till the first of next week to pay it and if you don't I will sue you." It bore no date, nor was there any evidence tending to fix the time when it was de-delivered or sent to appellant. The demand indorsed on

the summons, was $18.   An attorney who heard the trial in the County Court, testified that $15 would be a reasonable fee for trying it.

No instruction was given to the jury except as to the form of their verdict.   The material part was: " If the jury find for the plaintiff, the form of the verdict will be 'We the jury find for the plaintiff, and fix her damages at $...... for wages, and $...... for attorney's fees,' " thus apparently directing allowance for attorneys fees, in case they should find any amount whatever due and owing for wages.

The statute provides that "whenever a  *  *  *  servant or employe shall have cause to bring suit for his or her wages earned, and due and owing according to the terms of the employment, and he or she shall establish, by the decision of the court or jury, that the amount for which he or she has brought suit is justly due and owing, and that a demand has been made, in writing, at least three days before suit is brought, for a sum not exceeding the amount so found due and owing, then it shall be the duty of the court before which the case shall be tried to allow to the plaintiff, when the foregoing facts appear, a reasonable attorney fee in addition to the amount found due and owing for wages; and in justice court such attorney's fee shall not amount to less than $6.00, and in the County or Circuit Court not less than $10.00, to be taxed as costs of suit."   Starr & Curt. Stat. Vol. 3, p. 101–2.

We think it is for the court and not the jury, under this statute, to fix the amount to be allowed as an attorney fee, but perhaps it may be presumed that in this case the court approved and adopted the amount found, and on the principle that *utile per inutile non vitiatur*, the verdict as to wages may not be invalidated by the finding.   Armstrong v. The People, 37 Ill. 459.   Treating it as a verdict for the amount of wages found to be due, and the fee as having been allowed by the court, neither was warranted by the evidence.

It appeared that during the period of her services, she was repeatedly absent—at Dalton City—and three or four times at Decatur.   On one occasion she was away two whole days.

Fletcher v. Massey.

One afternoon she spent at work in her own garden. A son of the defendant fixed the time she came as May 20th, and the time she left as July 18th, a period of eight weeks and three days. But if it was nine weeks, as she and other witnesses roundly state it, the jury were warranted, in view of these advances, in allowing for only eight. This they seem to have done. But they wholly ignored the defendant's set-off; for which we see no sufficient or plausible reason. Although a married woman, she had a right to contract for her services, and to receive as her own the wages she earned. This involved the right to agree with her employer as to how she should be paid, and to assume any obligation or liability that would otherwise constitute a legal set-off. She evidently did not understand that her engagement as housekeeper would, of itself, entitle her to free board for her "little boy;" and if she obtained its allowance by special agreement, that did not authorize her to bring another also, and keep him at defendant's expense for eight weeks. There is nothing in the evidence to raise a presumption that defendant consented to this; nor is there any pretense that either of the boys rendered him any service. The engagement to serve was not for any definite time, and it does not appear that when he made the payments on account he had any expectation or reason to expect that she would leave when she did, or that her younger son would remain so long as he did. The jury, therefore, could not properly infer from those payments that he intended to make no charge for this board. Upon the undisputed evidence we think he was clearly entitled to have for it all it was reasonably worth—especially after she raised her claim from $1.50 (according to her letter), to $2.00 per week, for wages.

Any amount allowable in reason for that would have extinguished her balance, or at least reduced it below the sum that she demanded in writing; and in either case she would not be entitled to any allowance for attorney's fees, even if the demand in writing had been made at least three days before the suit was brought, which she was required, but failed, to show.

Believing, therefore, that the instruction was wrong, and that the finding was against the clear weight of the evidence, and did injustice to appellant, the judgment will be reversed and cause remanded.