State v. Coffee.

*JURY: its province: practice, appellate.*

STATE OF MISSOURI, Respondent, v. BARNETT COFFEE et al., Appellants.

St. Louis Court of Appeals, April 29, 1898.

Criminal Law: OPEN AND NOTORIOUS ADULTERY: EVIDENCE: PRESUMPTION. The crime of open and notorious adultery is not made out of a single act or by the conduct of a single day, but by continuing acts and conduct over a period of time of more or less duration, and where it is shown that at some prior period, not too remote, a man and a woman not married to each other abided and cohabited together, and it is shown at the trial that the abiding together continued and has been unbroken, the reasonable presumption or inference is that the cohabitation has also continued. Such evidence tends to prove the offense and is therefore admissible.

*Appeal from the Howell Circuit Court.*—HON. J. N. EVANS, Judge.

AFFIRMED.

ORCHARD & SAYE for appellant.

In order to constitute open and notorious adultery within the meaning of the Revised Statutes of 1889, section 3798, the man and woman must live together openly and in the face of condemnation, as if the conjugal relations existed between them and their illicit intercourse must be habitual, and not occasional. In other words they must hold themselves out as man and wife. State v. Sekrit, 130 Mo. 401; State v. Chandler, 132 Mo. 155; State v. Osborn, 39 App. 372. The admission of evidence of admissions of defendant Coffee, anterior to the time covered by the indictment, I presume was only admissible to prove subsequent acts and conduct of the defendant, as there were no acts proved tending to show any criminal acts of the defendant during the time covered by the indictment; the testimony was wholly incompetent and inadmissible, and the court should have so instructed the jury, and at least told them the purpose and the effect of such evidence, as it is the duty of the court to instruct on all the questions of law in the case, whether asked for by the defendant or not. R. S. 1889, sec. 4208; State v. Nelson, 118 Mo. 124; State v. Patrick, 107 Mo. 147; State v. Taylor, 118 Mo. 124.

No brief furnished for respondent.

BLAND, P. J.—At the April term, 1897, of the Howell circuit court the grand jury returned a true bill of indictment, good in form and substance, against the defendants, charging them with open and notorious adultery. At the same term of court they were put on trial and found guilty by the verdict of a jury. After unsuccessful motions for new trial and in arrest they appealed to this court.

On the trial defendants offered no testimony, but demurred to the testimony of the state, which was overruled, to which ruling they saved an exception, and urged this ruling here for a reversal of the judgment. The evidence was that defendant Coffee was a married man, and that defendant Julia McGee was an unmarried female; that Coffee had no children by his wife; that the McGee woman was living in the family of Coffee, and had been for a good many years; that she was the mother of five children, all of whom, so far as the evidence discloses, were born in Coffee's house and after she became a member of his family; that Coffee had some of these children enumerated in the school district as his children, giving them his surname and called them his children; that Coffee and his wife and the McGee woman all slept in the same room; that at the time of the trial the youngest child of the McGee woman was eight or nine months old.

EVIDENCE.

No witness testified that he had ever seen any improper conduct between Coffee and his codefendant. She lived in the family, worked at times in the field with him and in the garden, and for years had resided in his family. Coffee had made no admission as to the paternity of the children for more than a year previous to the filing of the indictment. He had been advised by some of his neighbors to get rid of the McGee woman; that the authorities would get after him and break him up. His reply was that "it was worth all that it was costing him." On another occasion he said it would be more honorable to raise and educate the children than to drive them off. No man of ordinary experience and observation could hesitate to draw more than one conclusion from this testimony. Julia McGee lived in Coffee's family as a member of it; slept in the same room, if not in the same bed, with him;

State v. Coffee.

gave ·birth to five children in his house, which he ad-
mitted to be his, and all these facts were known to his
neighbors. His declaration to one of his neighbors
that "it was worth all that it was costing him," shows
the disposition of the man; the birth of the five chil-
dren in his house is proof sufficient that he did not
curb that disposition, and the recent birth was proof
that he had not lost either the power or will to continue
the unlawful indulgence of his passions. Stronger proof
than this that these defendants were in the face of
society abiding and cohabiting together in open and
notorious adultery, would be very difficult to furnish in
any case of this kind, and the trial court committed no
error by denying defendants' demurrer to the evidence.

The court, over the objections of the defendants,
admitted declarations and admissions of Coffee made
two or three years prior to the filing of the indictment.
Defendants' contention is that this was error. In a
case of this kind we think it was entirely legitimate to
go as far back as the unlawful relation had existed and
to prove its continuance down to the time of the finding
of the indictment. The crime is not made out by a
single act or by the conduct of a single day, but by
continuing acts and conduct over a period of time of
more or less duration, and where, as in this case, it is
shown that at some prior period, not too remote, a
man and a woman not married to each other abided
and cohabited together, and it is shown at the trial that
the abiding together continues and has
EVIDENCE of been unbroken, the reasonable presump-
adultery. tion or inference is that the cohabitation
has also continued. Such evidence tends to prove the
offense, and is for that reason always admissible, but
as was done in this case, the jury should be informed
by an appropriate instruction that such evidence can
only be considered for the purpose of showing that the

offense was committed within the statutory period. This character of evidence is circumstantial, but it proves circumstances from which other circumstances are deducible which tend to establish the guilt of the accused, and this character of evidence is admissible in any case, but especially so on the trial of an offense of the character of this one, to prove which, in almost every instance, the state must rely upon circumstantial evidence alone. The instructions covered the whole case; are apt and correctly drawn, and we find nothing in them meriting the objections and criticisms which appellants have presented by their brief. Finding no reversible error in the record, the judgment is affirmed. All concur.