THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* BESSIE LEE *et al.* Plaintiffs in Error.

*Opinion filed December 15, 1908.*

1. CRIMINAL LAW—*verdict must be responsive to issues formed.* A plea of not guilty to an indictment charging that the defendants permitted an unmarried female under the age of eighteen years to live, board, stop and room at a house of prostitution of which the defendants were the keepers, puts in issue all essential elements of the offense charged, and a verdict, in order to support a judgment of conviction, must, either by direct findings or by reference, be responsive to the issues thus formed.

2. SAME—*a verdict should receive reasonable construction.* A verdict in a criminal case should receive a reasonable construction, and should not be set aside unless from necessity originating in doubt as to its meaning, or from the immateriality of the issue found or a failure to find upon some material issue involved, and hence a verdict finding defendant guilty of "harboring" a female under eighteen years of age in a house of prostitution may well be construed as meaning that they permitted her to "live, board, stop or room" there.

3. SAME—*when verdict is not sufficient.* A verdict finding the defendant guilty "of harboring a female under the age of eighteen years in a house of prostitution, in manner and form as charged in the indictment," is insufficient, in failing to find that such female was unmarried or that the defendant was the keeper of the house, even though such facts are alleged in the indictment, as the clause, "in manner and form as charged in the indictment," refers to the indictment for the facts specially found in the verdict, but no others.

4. EVIDENCE—*when admitting a book in evidence is not error.* In a prosecution for permitting an unmarried female under eighteen years of age to room in a house of prostitution kept by the defendant it is not error to admit in evidence a book in which the names of the various inmates of the house were entered, together with their accounts with the keeper of the house.

5. SAME—*rule where evidence is competent as to one defendant and incompetent as to the other.* In a prosecution against two defendants charged with being keepers of a house of prostitution and with permitting an unmarried female under eighteen years of age to room there, conversations which are competent as to one defendant, only, may be admitted if the jury are instructed to disregard such evidence entirely in determining the case against the other defendant.

6. INSTRUCTIONS—*instructions tending to encourage a disagree-ment of jury may be refused.* An instruction reading, "If any one of the jury, after having considered all the evidence in the case and after having consulted with his fellow-jurymen, should entertain a reasonable doubt of the defendant's guilt, then the jury cannot find the defendant guilty," is properly refused because of its tendency to encourage a disagreement of the jury.

HAND and CARTER, JJ., dissenting.

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. GEORGE KERSTEN, Judge, presiding.

BURRES & McKINLEY, (FELIX J. STREYCKMANS, of counsel,) for plaintiffs in error.

W. H. STEAD, Attorney General, and JOHN J. HEALY, State's Attorney, (BENEDICT J. SHORT, JAMES J. BARBOUR, and JOEL C. FITCH, of counsel,) for the People.

Mr. JUSTICE VICKERS delivered the opinion of the court:

Leona Garrity and Bessie Lee were indicted, tried and convicted in the criminal court of Cook county for a viola-tion of section 3 of "An act to prevent the prostitution of females," which reads as follows: "Whoever, being the keeper of a house of prostitution, or assignation house, building or premises in this State where prostitution, for-nication or concubinage is allowed or practiced, shall suffer or permit any unmarried female under the age of eighteen years to live, board, stop or room in such house, build-ing or premises, shall, on conviction, be imprisoned in the penitentiary not less than one year nor more than five years." (Hurd's Stat. 1905, p. 686.) The indictment con-sists of ten counts, and charges, in the language of the stat-ute, that the defendants suffered and permitted one Belle Winters, an unmarried female under the age of eighteen years and of the age of sixteen years, to live, board, stop and room in a certain house of prostitution located at 75 South Peoria street, in the city of Chicago, county of Cook,

237—18

of which the defendants were then and there the keepers. The jury found a separate verdict as to each of the defendants, which verdicts were in the same words, except that Leona Garrity is named in one of the verdicts and Bessie Lee in the other. The verdict as to Leona Garrity was as follows: "We, the jury, find the defendant Leona Garrity guilty of harboring a female under the age of eighteen years in a house of prostitution, in manner and form as charged in the indictment." After overruling motions for a new trial and in arrest of judgment the court sentenced the defendants to imprisonment in the penitentiary at Joliet for an indeterminate term. The defendants have sued out a writ of error to obtain a review of these judgments by this court.

The plaintiffs in error contend that the verdicts are insufficient to support the judgment. The statute defining the offense of which the plaintiffs in error were convicted is leveled against the keepers of houses of prostitution or assignation, and the offense consists in suffering or permitting an unmarried female under the age of eighteen years to live, board, stop or room in such house. The plea of not guilty put in issue all of the essential elements of the offense with which plaintiffs in error were charged, and the verdict of the jury, in order to support a judgment of guilty, must, either by direct findings or by reference, be responsive to all the issues thus formed. (*Mai v. People,* 224 Ill. 414.) In *Donovan v. People,* 215 Ill. 520, this court said (p. 523): "To authorize a judgment against a defendant the verdict in a criminal case must respond to the issues submitted to the jury. Its sufficiency is determined by ascertaining whether it is responsive to and covers the offense charged in the indictment. (12 Cyc. 690.) It must contain, either in itself or by reference to the indictment, every material element of the crime.—22 Ency. of Pl. & Pr. 873."

By reference to the verdict it will be seen that the jury found plaintiffs in error guilty of *harboring* a female under

the age of eighteen years in a house of prostitution, in manner and form as charged in the indictment. It will be noted that the verdict employs the word "harboring," which is not found in the statute defining the offense. The plaintiffs in error contend that harboring is not equivalent to suffering or permitting one to live, board, stop or room, and that in this respect the verdict finds plaintiffs in error guilty of an act not made criminal by the statute. If this were the only objection, under the rules of law applicable to the construction of verdicts we think the verdict might be sustained. Verdicts are not to be construed as strictly as pleadings, but are to have a reasonable intendment and to receive a reasonable construction, and should not be set aside unless from necessity originating in doubt as to their meaning, or from the immateriality of the issues found, or a failure to find upon some material issue involved. (29 Am. & Eng. Ency. of Law,—2d ed.—1022; *Donovan* v. *People, supra.*) The word "harboring" is defined by the International Dictionary as giving refuge, shelter or protection to; to furnish lodging for. Applying this meaning to the word "harboring," we think that it might well be held sufficiently accurate in the verdict to clearly indicate the intention of the jury.

But there is here a much more serious objection to the verdict. The verdict does not find, directly or by necessary implication, that plaintiffs in error were the keepers of the house of prostitution or that the female harbored therein was unmarried. These were both essential elements of the offense and constituted material facts in issue at the trial. If the verdict had been simply, "We, the jury, find the defendants guilty," without specifying of what the defendants were found guilty, under the authority of *Armstrong* v. *People,* 37 Ill. 459, and *Davis* v. *People,* 50 id. 199, it would be sufficient; or if the verdict had found the defendants guilty as charged in the indictment it would clearly be sufficient under the authority of *People* v. *Murphy,* 188

Ill. 144, *Donovan* v. *People, supra,* and many other cases. But the difficulty with the verdict in the case at bar is that it finds plaintiffs in error guilty, and, following the word "guilty," the verdict specifically states of what they are found guilty,—that is to say, they are found guilty of "harboring a female under the age of eighteen years in a house of prostitution." This language is not broad enough to embrace the finding upon all the essential elements of the offense. Nor could it be said that the reference to the indictment would aid this finding. The plain meaning of the verdict is that the defendants are found guilty of harboring a female under the age of eighteen years in a house of prostitution, as those specific facts are charged in the indictment. The clause in the verdict, "in manner and form as charged in the indictment," refers to the indictment for the facts which are specially found in the verdict, and cannot be held to incorporate, by reference, other facts upon which there is no finding. The verdict is insufficient to authorize a judgment of guilty.

It is next insisted by plaintiffs in error that the court erred in admitting in evidence a book in which the names of various inmates of the alleged house of prostitution were kept, together with the accounts of such inmates with the keeper of the premises. The objection made to this evidence is that it was immaterial. We fail to see the force of this objection. The book had a direct tendency, in connection with the other evidence, to prove some of the material issues under investigation. There was no error in admitting this book.

It is next objected that the court erred in allowing evidence of conversations between a man by the name of Mansfield and the witness Belle Winters, and a telephone communication between Mansfield and the plaintiff in error Bessie Lee. This evidence was proper as against plaintiff in error Bessie Lee, and the court, by instruction No. 6 given on behalf of plaintiffs in error, expressly limited the

consideration of this evidence to the case of Bessie Lee and directed the jury to disregard it entirely in determining the case against Leona Garrity. This instruction cures the error complained of in the admission of this evidence.

Plaintiffs in error complain of instruction No. 3 given on behalf of the prosecution. This instruction is substantially in the language of the statute defining accessories. We see no valid objection to it.

Plaintiffs in error complain also of the refusal of the court to give instruction No. 4, which was submitted by the plaintiffs in error and refused by the court. That instruction is as follows:

"If any one of the jury, after having considered all the evidence in the case and after having consulted with his fellow-jurymen, should entertain a reasonable doubt of the defendants' guilt, then the jury cannot find the defendants guilty."

Whatever may be said of this instruction as an abstract proposition, it ought not to be given in any case, since its inevitable tendency is to discourage agreements of juries. It amounts to little more than an invitation to the jury to disagree. There was no error in refusing this instruction.

Plaintiffs in error also complain of the refusal of the court to give instructions 6, 7, 8, 9 and 9½. We have examined these instructions, and in view of the instructions that were given to the jury we do not think there was any error in refusing them.

The judgment of the criminal court of Cook county is reversed for the error pointed out in rendering judgment on an insufficient verdict and the cause remanded for a trial *de novo.*          *Reversed and remanded.*

HAND and CARTER, JJ., dissenting.