THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* CLYDE MORTON, Plaintiff in Error.

*Opinion filed June 29, 1910.*

CRIMINAL LAW—*when verdict is not sufficient to sustain conviction for keeping young girl in house of prostitution.* A verdict finding the defendant guilty of "harboring a minor in a house of prostitution, in manner and form as charged in the indictment," is not sufficient to sustain a conviction for so harboring an unmarried female under the age of eighteen. (*People* v. *Lee,* 237 Ill. 272, followed.)

WRIT OF ERROR to the Circuit Court of Peoria county; the Hon. T. N. GREEN, Judge, presiding.

LOUIS GREENBERG, for plaintiff in error.

W. H. STEAD, Attorney General, ROBERT SCHOLES, State's Attorney, and JOEL C. FITCH, for the People.

Per CURIAM: The plaintiff in error, Clyde Morton, was indicted, tried and convicted jointly with Emma Newton, in the circuit court of Peoria county, for a violation of section 3 of an act to prevent the prostitution of females. (Hurd's Stat. 1909, p. 763.) The jury returned the following verdict: "We, the jury, find the defendants, Emma Newton and Clyde Morton, guilty of harboring a minor in a house of prostitution in manner and form as charged in the indictment."

Counsel for plaintiff in error insists that this case must be controlled by *People* v. *Lee,* 237 Ill. 272, where a verdict for a similar offense, under the same statute, was held insufficient to authorize a judgment of guilty. Counsel for the State attempt to distinguish the case at bar from *People* v. *Lee, supra.* The verdict in that case (save as to the names of the defendants) is in the identical words of the

present verdict, except that in place of the words "a female under the age of eighteen years," this verdict simply says "a minor." In that case, as in this, the indictment charged the offense in the language of the statute. It was argued in that case that the words "of harboring a female under the age of eighteen in a house of prostitution" could be stricken out as surplusage, the same as it is argued here that the words "of harboring a minor in a house of prostitution" should be stricken out as surplusage, leaving a general verdict. All the authorities cited in the former case to show that the words in question should be so stricken out are cited in support of that contention here. It was there held that the language of the verdict was not broad enough to embrace all the essential elements of the offense as described in the statute; that the plain meaning of the verdict was that the defendants were guilty of harboring a female under the age of eighteen in a house of prostitution, and that it was insufficient in failing to find that such female was unmarried or that the defendants were keepers of a house of prostitution. This verdict is even more open to the charge that all the essential elements of the offense are not set out as required by the statute. It does not even state that the minor was a female. Under the reasoning in *People* v. *Lee, supra,* we are compelled to hold the verdict here insufficient to authorize a judgment of guilty. To hold otherwise would, in effect, overrule that decision.

The judgment of the circuit court of Peoria county will therefore be reversed for the error pointed out in rendering judgment on an insufficient verdict and the cause remanded for a trial *de novo.*          *Reversed and remanded.*