## STATE OF MISSOURI, Respondent, v. E. E. HOLLAND, Appellant.

**Kansas City Court of Appeals, April 1, 1912.**

1. **CRIMINAL LAW: Adultery: Common Law: Ecclesiastical Law.** By the common law of England, adultery was not punishable as a crime, and the act could only be committed with a married woman. But under the canon or ecclesiastical law the definition of the act embraces carnal intercourse between a man and a woman either of whom is married, and both are guilty. Cases examined.

2. **———: ———: ———: ———: Colonists: Interpretation.** The colonists brought the common law of England to this country broadened by the moral principles of the canon law, and the statutes of the states against adultery and making it an offense, have been enacted in response to the moral features of the canon law and should be so interpreted.

3. **———: ———: ———: Statutory Offense: Verdict: Special Finding.** The statute of this state (Sec. 4729, R. S. 1909) prohibits living in open and notorious adultery, and the verdict of a jury which makes a special finding of facts, must include every substantial element of this offense. Therefore, a verdict finding the defendant "guilty of adultery as charged in the information," will not support a judgment of conviction, since it omits to find the necessary elements of living in open and notorious adultery, and omits to find that one of the parties was married.

4. **———: ———: Verdict: Special Finding: Reference to Indictment.** While a general verdict of guilty will suffice, yet where it is made up of a special finding of facts, they must be sufficient to make the offense complete, and when only one of several necessary facts is found, the words "as charged in the indictment" will not supply the omission.

Appeal from Jackson Criminal Court.—*Hon. Ralph S. Latshaw*, Judge.

REVERSED AND REMANDED.

*Stubbs & Stubbs* for appellant.

*Virgil Conkling* and *Henry L. Jost* for respondent.

ELLISON, J.—Defendant was prosecuted in the criminal court of Jackson county by information of the prosecuting attorney, charging him with unlawfully living and cohabiting with Mary C. Mayers, alias Richter, in a state of open and notorious adultery, they not being married to each other, but defendant being a married man.

It was not charged, nor was it proved, that Mary Mayers was a married woman. Defendant insists that to make out the offense of adultery the woman must be a married woman. To sustain this position his counsel has given the court the benefit of an able argument and an elaborate brief. We have, however, concluded that the point cannot be sustained.

The common law seemed to regard the name of the offense as characterizing the act, and so to be adultery the act must be such an one as may adulterate the blood of the family. The pure blood of the family is the mixture of the blood of the man and wife. Spurious blood can only be introduced into the family by the act of the wife. Hence, adultery could only be committed by sexual intercourse in which a married woman took part. [State v. Lash, 16 N. J. L. 380; Hood v. The State, 56 Ind. 263.] An interesting discussion and review of the authorities will be found in these cases, citing among many others 3 Blackstone, 139, and Bacon's Abridgement, Mariage & Divorce, 569.

But the ecclesiastical law had regard to more than the adulteration of the blood by the introduction of spurious issue into the family. It considered the unhappiness and demoralization in the family by breach of the marriage vows and extended the meaning of adultery to sexual connection by a man and woman, one of whom is married to a third person, the married man being guilty though the woman was single. [1 Am. & Eng. Ency. Law, 747; Bishop, Stat. Crimes, secs. 654a, 656, 657; 2 Wharton Crim. Law, secs. 1717-

1719, 1721; State v. Hasty, 121 Ia. 507; Bashford v. Wells, 78 Kan. 295.] It is true that the common law of England was adopted by our statute, and by that law a married woman was necessary to the crime of adultery. But the canon law changed this by substituting a more unrestricted definition and as thus changed it was brought to this country by the colonists. "Adultery, according to the definition thus established, is sexual connection between a man and a woman, one of whom is lawfully married to a third person; and the offense is the same whether the married person in the adulterous connection is a man or a woman. The Roman law being in this respect superseded, this definition was accepted by every Christian state at the time of the colonization of America; and is no doubt part of the common law brought with them by the colonists of all Christian nationalities. That it corresponds with a sound judicial philosophy is illustrated by the fact that it is incorporated in the codes of the principal continental European states." [2 Wharton's Crim. Law, sec. 1719.]

By the common law of England adultery was not punishable as a crime. It has been made punishable in most of the American states, not as a common law offense, for as just said, it was not an offense under that law, but in response to the moral sense, which finds expression in the canon law. It is in that sense that it is made punishable by our statute, and in that sense ought the word to be defined and interpreted.

An examination of the cases in this state leaves the question somewhat embarrassed. Thus, in slander it has been ruled that an unmarried woman cannot commit adultery. [Adams v. Hannon, 3 Mo. 222; Christal v. Craig, 80 Mo. 367.] But in criminal actions under this statute, it has not been deemed essential to a successful prosecution that the woman should have been married. In State v. Crowner, 56 Mo. 147, the information was against both the man and woman,

and did not charge the woman to be married; nor did the proof show it. The contrary is to be inferred. In State v. Chandler, 132 Mo. 155, the offense is defined at pages 160-161 of the report, without including a necessity that the female must be a married woman. And so it was in State v. Bess, 20 Mo. 419, where the prosecution was against both parties. In State v. Coffee, 75 Mo. App. 88, a conviction of both parties was sustained by the St. Louis Court of Appeals, though the woman was unmarried.

It is thus seen that, under the rulings on this statute, an unmarried woman may be guilty of adultery if her illicit intercourse is with a married man. The statute means that if either party to the intercourse be married, both are guilty of adultery. No one would deny that proof by a complaining wife in an action for divorce, that her husband had had carnal connection with an unmarried woman, would sustain her charge of adultery. There is no reason to suppose that the Legislature meant to make any different definition of the act in a criminal prosecution. [Commonwealth v. Call, 21 Pick. 509.] One is public scandal and the other private; but each, in result, tending to the disorder and demoralization of society.

The judgment in the case was that defendant was guilty, and a year imprisonment in the county jail and a fine of $1000 was imposed as punishment. In this connection objection is made to the finding of the jury as shown by the verdict, which was returned into court in the following words: "We the jury, find the defendant, E. E. Holland, guilty of adultery as charged in the information, and assess his punishment at one year and $1000."

There are three particulars of insufficiency of this verdict suggested. One is that the jury have made special finding of the act of adultery and have not included therein necessary elements of the offense charged in order to justify a judgment of conviction.

Another is that no imprisonment is found; and another is that no fine was imposed. It will not be necessary to discuss the latter two.

If the jury. had been content with merely finding a general verdict of guilty, it would have been sufficient. But they saw fit to return a special verdict and when that is done, it must include every essential element of the crime charged in the indictment or information. [State v. Dewitt, 186 Mo. 61; State v. Cronin, 189 Mo. 663; State v. Grossman, 214 Mo. 233; People v. Lee, 237 Ill. 272; Donovan v. People, 215 Ill. 520; People v. Morton, 245 Ill. 530.]

The prosecution is founded on section 4729, Revised Statutes 1909, providing that: "Every person who shall live in a state of open and nortorious adultery . . . shall on conviction be adjudged guilty of a misdemeanor." From this section it is seen that the offense is not merely "adultery" as found by the jury, but of open and nortorious adultery. It has been several times ruled by our Supreme Court that the immoral act of adultery alone, was not within the statute, and that proof of adultery only, would not support a judgment of conviction; the law being aimed against scandal to society and the wickedness of gross example which arises from a continuous cohabiting and living together in illicit relation. [State v. Crowner, supra; State v. Chandler, supra.]

Again, to make out the offense of adultery, it was necessary to show that one of the parties was married. In this case the charge in the information is that defendant was a married man, but that fact is not included in the verdict.

It is suggested that the addition of the words "as charged in the information," relieves the verdict of the objection. We do not think so. The offense as made in the statute is in some degree complex, and a special finding of only one element leaves uncertain whether the jury found all the elements necessary to

make a complete offense. [State v. Grossman, supra; People v. Morton, supra.] Where there is a special finding of a fact, the words "as charged in the indictment," or in the information, will be held to mean as that fact is charged. In Donovan v. People, 215 Ill. l. c. 523, it is said that such a finding "is not a verdict of guilty as charged in the indictment, but is a verdict of guilty of one element of the crime as that element was charged in the indictment." In People v. Lee, 237 Ill. l. c. 276, it is said: "Nor could it be said that the reference to the indictment would aid this finding. The plain meaning of the verdict is that the defendants are found guilty of harboring a female under the age of eighteen years in a house of prostitution, as those specific facts are charged in the indictment. The clause in the verdict, 'in manner and form as charged in the indictment,' refers to the indictment for the facts which are specially found in the verdict, and cannot be held to incorporate, by reference, other facts upon which there is no finding. The verdict is insufficient to authorize a judgment of guilty."

As the cause is to be retried, we will add that on proper objection the letter of defendant to his wife should be excluded. Ground for other complaints will perhaps not again occur.

An examination of the record has convinced us that the information is sufficient and that there is enough of substantial evidence, connected with reasonable references to be drawn therefrom, upon which a verdict of guilty could rest.

The judgment is reversed and the cause is remanded. All concur.