(No. 12260.—Judgment affirmed.)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JOE KARGULA, Plaintiff in Error.

*Opinion filed December 18, 1918.*

1. CRIMINAL LAW—*what matters of form will not render indictment insufficient.* Where the meaning of an indictment is plain and unequivocal, false grammar, wrong spelling, defective rhetoric or errors of punctuation will not render the indictment insufficient.

2. SAME—*when an indictment charges two defendants and not merely one.* An indictment charging a crime by "one Joe Clark, *alias* Joseph Swintowsky and Joe Kargula," should be read with a comma interposed after the name "Swintowsky," and so read it sufficiently charges Joe Clark and Joe Kargula with the crime.

3. SAME—*counts for burglary, larceny and receiving stolen property may be joined.* Counts for burglary, larceny and receiving stolen property may be joined in one indictment where they relate to the same stolen goods.

4. SAME—*when verdict of guilty of receiving stolen property is sufficient.* A verdict is not to be construed with the same strictness as an indictment, and a verdict finding the defendants guilty of receiving stolen property is sufficient if it finds, substantially, all of the elements of the crime.

WRIT OF ERROR to the Circuit Court of Will county; the Hon. FRANK L. HOOPER, Judge, presiding.

GARNSEY, WOOD & LENNON, for plaintiff in error.

EDWARD J. BRUNDAGE, Attorney General, ROBERT W. MARTIN, State's Attorney, and EDWARD C. FITCH, for the People.

Mr. CHIEF JUSTICE DUNCAN delivered the opinion of the court:

Joe Kargula, plaintiff in error, was convicted in the circuit court of Will county on an indictment charging him and Joe Clark with buying, receiving and aiding the concealing of stolen property for his own gain, knowing it to be stolen and to prevent the owner from again possessing the same, namely, one automobile of the value of $300 and of the goods and chattels of Fred Thomas. Plaintiff in error was sentenced on the verdict to serve an indefinite term in the State reformatory at Pontiac and has sued out this writ of error.

Plaintiff in error contends that the indictment is bad and that it should have been quashed upon his motion because it was returned against Joe Clark under two *aliases* and not against plaintiff in error. The basis for this contention is that the indictment describes the parties therein indicted in this language: "That one Joe Clark, *alias* Joseph Swintowsky and Joe Kargula, late of the county of Will," etc. We can see no objection whatever to the description of the two defendants in the indictment as above given, and if a comma had been placed after the name Joseph Swintowsky there could be no reasonable objection to the indictment on the ground that plaintiff in error was not named as a defendant therein. It could not be reasonably contended that an indictment against John Jones and John Smith was an indictment against only John Jones, and there

is no objection to describing the two defendants in the indictment as John Jones and John Smith, where they are two distinct persons. In the indictment in question Joe Clark is not described as having two *aliases* but only one. Had the State's attorney prepared the indictment so as to charge "one Joe Clark, *alias dictus* Joseph Swintowsky, and one Joe Kargula," the indictment would have contained all the necessary verbiage that the most severe critic would require for definiteness and certainty as to the parties, and when the two Latin words are given their interpretation in English, we would read the foregoing description of the defendants as, "one Joe Clark, otherwise called Joseph Swintowsky, and one Joe Kargula." There could be no possibility of misunderstanding such an indictment as to who were named as defendants. It is not necessary or usual to use in an indictment both of the above Latin words in describing a defendant as having another or nick-name by which he is known, the word *"dictus"* being always understood without writing it in the indictment. The claim of plaintiff in error that the word "one" written before Joe Clark's name indicates or shows clearly that only one person is indicted is not supported by the descriptions used in the indictment, and not any more so than the contention that the name of plaintiff in error, Joe Kargula, must be read as a second *alias* of Joe Clark. If Joe Clark were described in the indictment as having two *aliases* he would have been described as "one Joe Clark, *alias* Joseph Swintowsky, *alias* Joe Kargula." The meaning of the indictment is plain and unequivocal and the court did not err in overruling the motion to quash. Where the meaning of an indictment is plain and unequivocal, false grammar, wrong spelling, defective rhetoric or an error in punctuation will not render the indictment insufficient. (1 Bishop's New Crim. Proc.—4th ed.—sec. 354; 22 Cyc. 291.)

The further claim of plaintiff in error that the indictment improperly joined two offenses of a different nature,—

larceny and receiving stolen goods knowing the same to be stolen, etc.,—cannot be sustained. This court has frequently ruled that counts for burglary, larceny and receiving stolen property may all be joined in one indictment where they relate to the same goods stolen. *Bennett* v. *People,* 96 Ill. 602; *Andrews* v. *People,* 117 id. 195; *People* v. *Moeller,* 260 id. 375; *People* v. *Goodman,* 283 id. 414.

It is also objected that the verdict of the jury is bad because the essential elements of the offense upon which it was returned are not set out therein, and that the verdict does not recite a finding of guilt in manner and form as charged in the indictment. The verdict is in the following form:

"We, the jury, find the defendants, Joe Clark and Joe Kargula, guilty of receiving and aiding in concealing stolen property for their own gain, knowing it to be stolen and to prevent the owner from again possessing it, in manner and form as charged in the indictment, and we find from the evidence the value of the property so received and aided in concealing to be the sum of $300. We further find the said defendant Joe Clark to be of the age of thirty-five years and said defendant Joe Kargula to be of the age of seventeen years."

The essential elements of the crime of receiving stolen goods to be proved before a defendant can be convicted are, first, that the property was, in fact, stolen; second, that the accused received the goods knowing them to have been stolen; and third, that the accused for his own gain or to prevent the owner from recovering the same, bought, received or aided in concealing the stolen goods. (Crim. Code, sec. 239; *Aldrich* v. *People,* 101 Ill. 16.) No substantial objection has been or can be pointed out to this verdict. Every element of the crime is found by the verdict in substance, and that is all that is required. A verdict is not to be construed with the same strictness as an indictment. All reasonable intendments will be indulged in its

285 – 31

support. *People* v. *Lee,* 237 Ill. 272; *People* v. *Tierney,* 250 id. 515; *People* v. *Patrick,* 277 id. 210.

It is finally urged that the judgment is void because it is upon an offense for larceny and not for the offense of receiving stolen goods, etc.,—the crime for which plaintiff in error was convicted. This would be a substantial and fatal error in the record if the record sustained such claim. The clerk of the court did at first write up the judgment of the court on a sentence for the offense of larceny, but this was simply a mistake of the clerk. The error of the clerk was discovered by the People after this writ of error had been sued out. On June 12, 1918, on motion of the People, the circuit court of Will county entered a *nunc pro tunc* order as of February 27, 1918, correcting the erroneous record as written by the clerk and so as to cause the record to show and set forth the true and correct judgment and sentence pronounced, in fact, by the court,—*i. e.,* a judgment and sentence on the verdict for the crime of receiving and aiding in concealing stolen property, etc. The proof of the People offered on this motion was the evidence of the clerk to the effect that he had made such a mistake, supported by the minutes of the judge who tried the case. The minutes of the judge showed without any question that the real judgment and sentence pronounced by the court were the ones set forth in the *nunc pro tunc* order, and there is no evidence in the record to the contrary. The order was made upon due notice, and the authority of the judge to enter such an order was based upon competent evidence,— the official notes or minutes of the judge written in his own hand upon his docket during the progress of the trial. *Hubbard* v. *People,* 197 Ill. 15; *Wesley Hospital* v. *Strong,* 233 id. 153.

There is no error in the record and the judgment is affirmed.                    *Judgment affirmed.*