## The People of the State of Illinois, Defendant in Error, v. James Lawrence, Plaintiff in Error.

### Gen. No. 28,709.

1. CRIMINAL PROCEDURE—*sufficiency of finding of guilty without description of offense.* A judgment in a prosecution for keeping a slot machine is sufficient without a specific recital therein that the defendant was found guilty of keeping such machine "for gambling purposes" where it recites that plaintiff is guilty of the crime "whereof he stands convicted" and is adjudged guilty.

2. BETTING AND GAMING—*sufficiency of finding of guilty of second offense.* In a prosecution for the offense of keeping a slot machine for gambling purposes, under an indictment charging a second offense, a finding by the court, a jury having been waived, that defendant is guilty of the crime whereof he stands convicted is sufficient without a specific statement as to a second offense to support the sentence imposed as for a second conviction.

3. BETTING AND GAMING—*prior conviction as element of offense under indictment charging second offense.* In a prosecution for keeping a slot machine for gambling purposes, under Cahill's Ill. St. ch. 38, ¶ 321, providing for increased punishment for the second offense of keeping a slot machine for gambling purposes, the fact of a prior conviction is not a necessary element of the crime which requires a finding of such fact in the verdict or judgment

of the court but is only matter in aggravation for which a more severe punishment is prescribed.

4. CRIMINAL PROCEDURE—*presumption in error on common-law record only.* On error taken up on the common-law record only without any bill of exceptions, the Appellate Court will presume that the evidence warranted the conviction and that matter in aggravation of the offense calling for a more severe punishment prescribed by the statute in case of such aggravation was also proven beyond a reasonable doubt.

Error by defendant to the Criminal Court of Cook county; the Hon. MICHAEL L. McKINLEY, Judge, presiding. Heard in the first division of this court for the first district at the October term, 1923. Affirmed. Opinion filed March 10, 1924. Rehearing denied and opinion modified March 24, 1924.

MICHAEL COSTABILE and THOMAS E. SWANSON, for plaintiff in error.

ROBERT E. CROWE, State's Attorney, EDWARD E. WILSON and CLYDE C. FISHER, Assistant State's Attorneys, for defendant in error.

MR. PRESIDING JUSTICE MATCHETT delivered the opinion of the court.

The plaintiff in error was indicted under two counts, the first of which charged that on April 25, 1923, in Cook County, Illinois, he kept, operated, owned and used a certain slot machine on which money was staked, bet, hazarded, won and lost, contrary to the statute, etc. The second count charged the keeping of the machine for gambling purposes at the same time and further that, prior thereto, in September, 1922, plaintiff in error had been indicted by the grand jury of Cook county for the same offense and that, at the December term of the criminal court of Cook county, he had been convicted of said offense and fined.

The defendant entered a plea of not guilty to the indictment, the jury was waived, and the cause submitted for trial to the court upon the said plea.

The record recites that: "The court hearing tes-

timony of witnesses and arguments of counsel, and being fully advised in the premises, *doth find said defendant guilty.''* On the same day the record recites: ''And now neither the said defendant nor his counsel for him saying anything further why the judgment of court should not be pronounced against him on the finding of guilty heretofore rendered on the indictment in the case.    *    *    *

''Therefore, *it is considered, ordered and adjudged by the court* that the said defendant, James Lawrence, is guilty of the crime of keeping a slot machine whereof he stands convicted, and that he is hereby sentenced to confinement at labor in the House of Correction of the City of Chicago in the County of Cook, State of Illinois, for said crime of keeping a slot machine whereof he stands convicted and adjudged guilty for the term of one year.  It is further considered, ordered and adjudged by the court that the said defendant, James Lawrence, be fined in the sum of $500.''

The statute under which plaintiff in error was prosecuted will be found in paragraph 137 f, sec. 1, ch. 38, Hurd's Rev. St. 1919 [Cahill's Ill. St. ch. 38, ¶ 321].  It provides that for the first offense, one convicted shall be fined not less than $100, and for a second offense, a fine of not less than $500 and imprisonment for not less than six months with a still heavier penalty in case of a third conviction.  It is urged by plaintiff in error that the judgment is fatally defective for the reason that it fails to recite that the crime of which plaintiff in error was found guilty was that of keeping a slot machine ''for gambling purposes.''   The judgment, however, recites that plaintiff in error is guilty of the crime ''whereof he stands convicted'' and adjudged guilty, and it was unnecessary that it should be further described in the judgment.  *Hawkins v. State,* 9 Ala. 143; *Franz v. State,* 12 Wis. 597.

The principal contention of plaintiff in error is that

the finding upon which the judgment was entered was insufficient to support the jail sentence imposed upon the defendant.

Plaintiff in error says that it was as indispensable that the prosecution should prove the former conviction of the defendant as it was to prove the subsequent offense, that the allegation of the former conviction in the indictment is an essential allegation as to the graver offense and must be established by proof, the same as any other necessary allegation. Hence, he contends that in such case it would be necessary for a jury to find in its verdict the fact that the defendant had been guilty of a similar previous offense, and that it was therefore necessary for the court to so specifically find. Such is not the general rule in this State. On the contrary, it has been held that where there are different counts in an indictment, a general finding of guilty without specifying the particular offense or the particular offense as described in any particular count is sufficient. As was said in *Armstrong v. People,* 37 Ill. 459: "It is no matter how many counts an indictment may contain, a general verdict of guilty is a finding upon all of them," and in the later case of *People v. Lee,* 237 Ill. 272, the Supreme Court said: "If the verdict had been simply, 'We, the jury, find the defendants guilty,' without specifying what the defendants were found guilty of, under the authority of *Armstrong v. People,* 37 Ill. 459, and *Davis v. People,* 50 Ill. 199, it would be sufficient." See also, *People v. Smith,* 239 Ill. 91, 107, and *People v. Fitzgerald,* 297 Ill. 267.

*Herndon v. Commonwealth,* 105 Ky. 197, is a case which seems to hold directly against the contention of plaintiff in error. In that case, the court sustained a sentence of life imprisonment for a third offense under a statute which provided for such punishment, where the verdict of the jury was: "We, the jury, find the defendants * * * guilty as charged in the indictment and fix his punishment at confinement in the

penitentiary for life." Plaintiff in error, however, relies upon *People v. Ellison*, 185 Ill. App. 287, and *People v. Tuhl*, 211 Ill. App. 378. These cases follow the undoubted rule in this State that, upon a trial for larceny, the finding or the verdict must state the value of the property which is the subject of the larceny. That rule follows of necessity from the fact that the value of the property taken in such case is an essential element of the crime as defined, and, therefore, without a finding as to the value of the property taken, it is impossible to know what the particular offense is.

In the crime which is here defined by the statute the prior offense is not a necessary element in the definition of the crime, but only a fact in aggravation of it for which, in case it is shown to exist, the law prescribes a more severe punishment. This case is before us on the common-law record only and, since no bill of exceptions was preserved, it is only fair to assume that the evidence warranted the conviction and that the aggravation of the offense demanding the severer punishment was also proved beyond a reasonable doubt.

For the reasons indicated the judgment of the trial court is affirmed.

*Affirmed.*

McSURELY and JOHNSTON, JJ., concur.