THE STATE v. SEKRIT, *Appellant.*

Division Two, November 19, 1895.

1. **Criminal Law**: ADULTERY: STATUTE.   In order to constitute open
and notorious adultery within the meaning of section 3798, Revised
Statutes, 1889, the man and woman must live together openly, in the
face of public condemnation, as if the conjugal relation existed be-
tween them, and their illicit intercourse must be habitual and not oc-
casional.

2. ——: ——: INDICTMENT.   An indictment for adultery, etc., under
section 3798, Revised Statutes, 1889, must, in order to be valid, bring
the accused within all the material words of the statute and nothing
must be left to intendment.

3. ——: ——: THREATENING LETTER: INDICTMENT.   An indictment
for sending a letter threatening to accuse a person of crime, in viola-
tion of section 3534, Revised Statutes, 1889, which charges the de-
fendant with sending a letter accusing complainant of adultery by
having "unlawfully, shamefully, and habitually had sexual inter-
course" with another, the parties so accused of adultery not being
married to each other, but one having a husband and the other a wife
living, is insufficient in not alleging that defendant threatened to ac-
cuse complainant of adultery as defined by section 3798, Revised
Statutes, 1889, or of any other offense prohibited by said section.

*Appeal from Jefferson Circuit Court.*—HON. JAMES F. GREEN, Judge.

REVERSED AND REMANDED.

*Joseph J. Williams* and *C. H. Kleinschmidt* for appellant.

(1) The court erred in overruling the demurrer and also the motion in arrest of judgment. The letter set out in the indictment contains no threat to accuse of any crime or felony. For a man and woman, both of whom are married but not to each other, to unlawfully, shamefully, and habitually have sexual intercourse, if such a thing be possible, is not an offense punishable either at common law or under the statute of this state, and hence to send a letter to a man threatening to accuse him of such conduct is not an indictable offense. At common law adultery was not indictable unless open and notorious, and amounting to a public nuisance. 1 Bishop on Criminal Law [4 Ed.], ch. 3, sec. 39, p. 19. It is not indictable under the statute, except where the parties live in a state of open and notorious adultery, or when a man and woman, one or both of whom are married, but not to each other, lewdly and lasciviously abide and cohabit together. Sec. 3798, R. S. 1889. It follows that, as the letter did not by its tenor, or, as pleaded in the indictment, contain any threat to accuse of any crime or felony, the indictment is legally insufficient to support the conviction of the defendant.

*R. F. Walker*, attorney general, for the state.

(1) The indictment in this case follows the language of the statute creating the offense, and is sufficient. R. S. 1889, sec. 3554. *State v. Stewart*, 90 Mo. 507; *State v. Linthicum*, 68 Mo. 66. (2) Parol evi-

State v. Sekrit.

dence was admissible to explain the contents of the letter and its meaning. *State v. Linthicum, supra.* As stated by Judge HENRY in the case just cited: "To hold that parol evidence was not admissible for the purpose of explaining the intent or meaning of the letter, would be to say that one would be enabled to violate the statute with impunity by making his threats in such a manner that, however well understood between the parties, it would still be no violation of the law unless it was apparent from the letter itself, the exact meaning and intent with which it was written, to all other persons."

SHERWOOD, J.—The defendant comes to this court on appeal, having been convicted in the lower court of sending a threatening letter, and his punishment assessed at six months in the county jail.

The indictment, so far as necessary to quote it, is the following:

"That Julius Sekrit, Mary Sekrit and Ida Sekrit, late of the county aforesaid, on the sixth day of February, 1894, at the county of Jefferson, state aforesaid, did knowingly, unlawfully, and feloniously write and make a certain paper, letter, and writing, signed with the name of Ida Sekrit, and directed and addressed to one Dr. I. N. McNutt, and for the purpose of being delivered and sent to the said Dr. I. N. McNutt, did part with the possession of said paper, letter, and writing by depositing the same in the United States post office at Festus, in the county of Jefferson, state of Missouri, and that in and by said paper, letter, and writing, which was as follows:

'FESTUS, Mo., February 6, 1894.
'*Dr. McNutt, Pevely, Mo.*

'My father told me to write this letter, my father said he has now got the right hold on what has hap-

pened between my mother and you. My mother will swear to the truth of how you have treated her, she does not tell me but she said I should tell you to think of the last time that you attended her when she was sick. Father said he will now punish you for it if you wish to pay the sum of $5,000 everything will be still if not he will go to court, and then we will see who is the rascal and fool as you called my father. If you wish to settle let him hear from you this week through the mail he will not have you step in his house again.

'Respectfully,

'IDA SEKRIT.'

"The said Julius Sekrit, Mary Sekrit,. and Ida Sekrit did therein threaten to accuse the said Dr. I. N. McNutt of the crime of adultery with the said Mary Sekrit in having on the —— day of ——, ——, in the county of Jefferson, state of Missouri, unlawfully, shamefully, and habitually having sexual intercourse together. The said Dr. McNutt and Mary Sekrit not being then and there married to each other, but the said Dr. I. N. McNutt being then and there a married man and having a wife living, and she, the said Mary Sekrit being then and there a married woman and having a husband living; with the view and intent thereby then and there feloniously to extort and gain from the said Dr. I. N. McNutt a certain sum of money, to wit, five thousand dollars, being the money of, and belonging to, the said Dr. I. N. McNutt. Against the peace and dignity of the state.

"Jos. G. WILLIAMS,

"Prosecuting Attorney."

The defendants demurred to the indictment because it did not charge any offense against the laws of the state, etc. This demurrer was unsuccessful, as was also a motion in arrest.

The indictment thus questioned, is based on the provisions of section 3534, Revised Statutes, 1889, which, so far as applicable to the case in hand, is as follows:

"Every person who shall knowingly send or deliver, or shall make, and for the purpose of being delivered or sent, shall part with the possession of any paper, letter, or writing with or without a name subscribed thereto, * * * threatening therein to accuse any person of any crime or felony whatever, * * * with a view or intent to extort or gain any money or property of any description, belonging to another; * * * shall, on conviction, be adjudged guilty of an attempt to rob, and shall be punished by imprisonment in the penitentiary not exceeding five years, or not less than six months in the county jail."

The crime which the indictment is *supposed* to charge that the defendants threatened to accuse Dr. McNutt of having committed, is that defined in section 3798, Revised Statutes, 1889.

"Every person who shall live in a state of open and notorious adultery, and every man and woman, one or both of whom are married, and not to each other, who shall lewdly and lasciviously abide and cohabit with each other, and every person, married or unmarried, who shall be guilty of open, gross lewdness or lascivious behavior, or of any open and notorious act of public indecency, grossly scandalous, shall, on conviction, be adjudged guilty of a misdemeanor." R. S. 1889, sec. 3798.

It will be noted that there are *five* offenses embraced within this section: *First*, living in a state of open and notorious adultery, by two persons of opposite sexes, one or both of whom are married, but not to each other; *second*, a man and woman, one or both of whom are married, but not to each other, who lewdly

and lasciviously abide and cohabit with each other; *third*, every person, married or unmarried, guilty of open, gross lewdness; or, *fourth*, lascivious behavior; or, *fifth*, of any open notorious act of public indecency, grossly scandalous.

It will be seen, from this analysis of section 3798, that the threatened accusation contained in the indictment under comment does not fall under either of the heads into which the section-subject has been divided. The alleged threatened accusation certainly does not embrace the case of living in a state of open and notorious adultery, which is something more than occasional illicit intercourse, indulged in furtively or *sub rosa;* but, on the contrary something aggressive and defiant in its nature which fears not to flaunt its lecherous colors in the light of day and the frowning face of public reprobation. *State v. Crowner*, 56 Mo. 147.

Nor does the alleged threatened accusation by its terms fall within the second category, because the words employed in the indictment in that regard, are not those employed in section 3798, and in order to make an indictment valid under that section; in order to make it charge *a crime*, "the defendant must be specially brought within all the material words of the statute; and nothing can be taken by intendment." Whart. Cr. Pl. and Prac. [9 Ed.], sec. 220; 1 Bishop, Cr. Proc., secs. 81, 86, 88, 519; *State v. Hayward*, 83 Mo. 299, and cases cited.

Now, the word "*cohabit*," is said to mean "to dwell or live together as husband and wife." Webster's Internat. Dict.

It has been ruled upon a statute where the words were "shall lewdly and lasciviously associate and cohabit together," that the cohabitation must be, not simple incontinence in one or two instances, but *a living together by the parties as if husband and wife*. There

must be something ·more, therefore, than mere private incontinence, continued to however great a degree. Bishop, Stat. Cr. [2 Ed.], sec. 712, and cases cited.

The words in the present indictment, *"unlawfully, shamefully, and habitually having sexual intercourse together"* are not embraced under, nor the legal equivalents of, those in the second class of the offenses set forth in section 3798; nor indeed under any subdivision of that section; and, unless they would constitute a crime under that section, then a threat in a letter to accuse a person of an act as specified in those words, would not amount to a crime, and, therefore, could not be made the subject of a valid indictment.

Inasmuch as the indictment did not charge that the defendants threatened to accuse Dr. McNutt of (open) "notorious adultery," it was error to refer that offense to the jury, in the first instruction given by the court of its own motion.   For the errors committed in holding the indictment valid, and in giving the instruction referred to, the judgment should be reversed and the cause remanded.   All concur.