STATE OF MISSOURI, Respondent, v. DASHMAN
and FLECK, Appellants.

St. Louis Court of Appeals, April 2, 1907.

1. **ADULTERY: Information.** An information which charged the
defendants, a man and woman, who were not married to each
other, and one of whom was married to another person, with
lewdly and lasciviously abiding and cohabiting together, and
then and there having sexual intercourse, was a sufficient
statement of an offense in violation of section 2175, Revised
Statutes 1899.

2. ————: **Proof: Inference From Circumstances.** In the prosecu-
tion of a man and woman for adultery, an instruction telling
the jury that if they believed the defendants "were of the dis-
position and had the opportunity, and dwelt together, not being
married, the conclusion is that criminal relations existed," was
erroneous; those circumstances were such as the jury might
infer criminal acts, but such acts could not be presumed as a
matter of law.

Appeal from Pemiscot Circuit Court.—*Hon. Henry C.
Riley*, Judge.

REVERSED AND REMANDED.

*V. J. Higgs* and *B. A. McKay* for appellants.

The instruction given by the court, of its own mo-
tion, attempting to define the offense of which appellants
were charged by information of having committed, was
clearly erroneous. State v. Crowner, 56 Mo. 150; State
v. Sekrit, 130 Mo. 401.

*L. L. Collins* for respondent.

The information in this case is sufficient. R. S.
1899, sec. 2175. This information is good at common
law. State v. Appling, 25 Mo. 315; State v. Rose, 32
Mo. 560. The instructions in this case properly declared
the law. 101 Mass. 111; Kelley's Crim. Law and Prac.,
sec. 940, p. 649; State v. Coffee, 75 Mo. App. 88.

NORTONI, J.—The defendants were jointly informed against by the prosecuting attorney under the second subdivision of section 2175, Revised Statutes of Missouri 1899. The statute is as follows:

"Every person who shall live in a state of open and notorious adultery, and every man and woman, one or both of whom are married, and not to each other, who shall lewdly and lasciviously abide and cohabit with each other, and every person, married or unmarried, who shall be guilty of open, gross lewdness or lascivious behavior, or of any open and notorious act of public indecency, grossly scandalous, shall, on conviction, be adjudged guilty of a misdemeanor."

It is pointed out that there are five separate offenses embraced in this section, the second of which is: ". . . Every man and woman, one or both of whom are married, and not to each other, who shall lewdly and lasciviously abide and cohabit with each other. . . ." [State v. Sekrit, 130 Mo. 401, 32 S. W. 977.]

The information is in all respects sufficient, and without attempting to be precise in quoting it, it charges in substance the defendants, who were not married to each other, and one of whom was then married to another person, and the other a single man, with unlawfully, lewdly and lasciviously abiding and cohabiting together, and then and there having sexual intercourse together, etc., in Pemiscot county for some time within a year next prior to the prosecution. It is well settled that the employment of the word cohabit in criminal statutes of this character means: "dwelling together as husband and wife." [Webster's Inter. Dict.; State v. Sekrit, supra; Anderson's Law Dict.] There is no direct proof of sexual intercourse between the parties, nor that they dwelt together in all respects as husband and wife. The evidence on the part of the State tended to prove, however, that the man, Dashman, was single and unmarried, and that the woman was married to another person, one

Fleck. Dashman owned a restaurant and the woman lived with him in rooms adjacent thereto. Both defendants, while denying that they were unduly intimate, had admitted within a year theretofore that they had lived together prior to coming to that county for about three years as husband and wife. They had two separate sleeping rooms adjacent to the restaurant and under the same roof. One witness said he had seen them both, on one occasion, lying on one bed. The woman had spoken of her codefendant as being her man, and had on one or two occasions, spoken to parties as though they were married.

The second instruction given by the court on behalf of the State is in part as follows: "The fact of unlawfully, lewdly and lasciviously abiding and cohabiting with each other and having sexual intercourse may be presumed or inferred from the circumstances, and if the jury believes from the evidence that at the times mentioned in the information or at any time within one year previously to the filing of the information herein defendants, George Dashman and Mary Fleck, were of the disposition and had the opportunity and that they dwelt together in Pemiscot county, Missouri, not being then and there married to each other, then the conclusion is that the criminal relation did exist and you will find the defendants guilty," to which exception is taken. The direction in the concluding lines of this instruction to the effect: that if the jury found the defendants were of the disposition and had the opportunity, and that they dwelt together, not being married to each other, then the conclusion is that the criminal relation existed, was manifest error. Certainly such facts do not operate a conclusion of law that the criminal relation does in fact exist. It is true the proof of such facts, or circumstances tending to establish the same, would certainly raise a strong inference to the effect that such relation did exist. Nothing more than such inference can

follow, however. [Thayer v. Thayer, 101 Mass. 111.] The instruction should have informed the jury that such facts, if found by them to be true, would authorize an inference or presumption, that the relation suggested, existed between the parties, and thus permit this question of fact to remain within the domain of the jury and be passed upon by them in connection with its charge contained in another instruction with respect to reasonable doubt, and the presumption of innocence which always attends the defendant throughout a criminal trial. For the error mentioned, the judgment will be reversed and the case remanded.

*Bland, P. J.,* and *Goode, J.,* concur.