## STATE OF MISSOURI, Respondent, v. HILLMAN et al., Appellants.

### St. Louis Court of Appeals, December 17, 1907.

### Opinion by Nortoni, J.

1. CRIMES: Adultery. In the prosecution of a man and woman for the violation of section 2175, Revised Statutes 1899, an instruction which authorized a conviction if the two lived together and the man had a wife living, was erroneous in that it did not require a finding also that the wife living was not his codefendant.

### Dissenting Opinion by Goode, J.

2. ————: ————: In such a case a failure to require the jury to find that the wife living of the man was not his codefendant, was not prejudicial, where it was conclusively shown and not contradicted that he was married at the time to another woman.

Appeal from Greene Circuit Court.—*Hon. A. W. Lincoln,* Judge.

REVERSED AND REMANDED.

NORTONI, J.—The prosecuting attorney informed against the defendants in the criminal court of Greene county and charged them with the offense of living in a state of open and notorious adultery, denounced in the first subdivision of section 2175, Revised Statutes. 1899. They were tried and convicted in and sentenced by the criminal court. The case is here on their appeal. 'The State having introduced substantial evidence tending to prove the defendants guilty of the offense mentioned, the court instructed the jury as follows:

"You are instructed that if you find and believe from the evidence in this cause, that the defendants, John Hillman and S. E. Cain on the first day of July, A. D. 1904, and from that date continuously to the 15th day of June, A. D. 1905, at the county of Greene in the State of Missouri, did then and there abide and cohabit together with each other as if the conjugal or marital relation existed between them and did then and there dwell together for that purpose, and that John Hillman one of the defendants, was a married man and had a wife living, you should find them guilty and assess the punishment of each at imprisonment in the county jail for a term of not more than one year or at a fine of not more than one thousand dollars or at both such fine and imprisonment."

The statute above referred to is as follows:

"Every person who shall live in a state of open and notorious adultery, and every man and woman, one or both of whom are married, and not to each other, who shall lewdly and lasciviously abide and cohabit with each other, and every person, married or unmar-

ried, who shall be guilty of open, gross lewdness or lascivious behavior, or of any open and notorious act of public indecency, grossly scandalous, shall, on conviction, be adjudged guilty of a misdemeanor."

It has been pointed out by the Supreme Court in several recent cases that there are five separate offenses denounced in the section quoted, the first of which is "living in a state of open and notorious adultery, by two persons of opposite sexes, one or both of whom are married, but not to each other." etc. [State v. Sekrit, 130 Mo. 401, 405, 32 S. W. 977; State v. Chandler, 132 Mo. 155, 160, 161, 33 S. W. 797.] It therefore appears, the fact, that one or both of the accused parties are married, but not to each other, is a material fact constituting an element of the offense. [Hopper v. State, 19 Ark. 143; Wiley Tucker v. State, 35 Texas 113; State v. Clinch, 8 Iowa 401; 1 Enc. Plead. & Prac., 307.] It devolves upon the State in both pleading and proof to specially bring the defendants within all the material words of the statute and nothing can or will be taken by intendment against them. [State v. Sekrit, 130 Mo. 401.] The instruction above set out authorizes a conviction upon the jury finding with respect to this matter. The mere fact "that John Hillman, one of the defendants was a married man and had a wife living" even though his codefendant was this "wife living," there is not a word in the instruction requiring the jury to find that John Hillman and his codefendant were not married to each other. It might be true as directed therein that even though "John Hillman, one of the defendants, was a married man and had a wife living," that his codefendant was the "wife living." The instruction should have required the jury to find a verdict in affirmance of this negative proposition, which would operate to acquit both defendants, that is, that they were not married to each other.

For the error mentioned, the judgment will be re-

versed and the cause remanded. It is so ordered, *Bland, P. J.*, concurs. *Goode, J.*, dissents, because it was conclusively shown and not controverted that defendant was married to another woman than S. E. Cain and that his said wife was living.