**STATE of Missouri, Respondent,**

v.

**Willie BABER, Appellant.**

No. 45373.

Supreme Court of Missouri.

Division No. 2.

Dec. 10, 1956.

Motion for Rehearing or to Transfer to Court en Banc Denied Jan. 14, 1957.

Daniel T. Tillman, St. Louis, for appellant.

John M. Dalton, Atty. Gen., W. Don Kennedy, Asst. Atty. Gen., for respondent.

STOCKARD, Commissioner.

On December 4, 1954 the appellant, Willie Baber, shot and killed Edward Brown. A jury found that he was guilty of murder in the second degree and fixed his punishment at imprisonment in the penitentiary for twenty-five years. In his brief to this court appellant has presented twenty-five separate assignments of error.

Appellant contends that it was error to instruct the jury on second degree murder because there was no proof of premeditation. This calls for a statement of the facts.

Brown and appellant were sitting in the front seat and Charlie Haynes was sitting in the back seat of Brown's automobile. Haynes had a bottle of whiskey, and he and Brown had a drink, but appellant declined. Brown and appellant were arguing about the fact that earlier in the week appellant had either failed or refused to buy Brown a beer. There were also some comments made as to whether Brown "gets around as much" as he wanted to. Appellant got out of the automobile and walked around the car to the left door and he and Brown continued to argue. According to Haynes, appellant struck Brown. He did not see Brown strike appellant and did not hear Brown make any threat. However, according to appellant, deceased called him a vile name and then "reached out of his car and hit me. After he hit me I hit him back. He hit me again, I hit him back."

Haynes told them to "cut that out" because "you are all too good a friends for that." Appellant testified that Brown then leaned over in the seat of the car and he saw the handle of a pistol which he knew deceased was in the habit of carrying with him, and because he feared for his life he shot Brown in the head. Haynes did not see the actual shooting because he had settled back "to take another drink," but he did hear appellant say, "Well, I kill you" after he had hit Brown, and he also saw Brown lean over in the car toward the right door of the car just before he heard the sound of the shot. No weapon of any kind was found on Brown or in the automobile.

Appellant admitted the killing, not claiming that it was accidental. The trial court instructed on murder in the second degree, manslaughter and self-defense. The form of these instructions, except that on self-defense, is not criticized.

 Murder in the second degree includes all common-law murder not made murder in the first degree by Section 559.-010 RSMo 1949, V.A.M.S. State v. Curtis, 70 Mo. 594. Therefore, generally speaking, murder in the second degree is the killing of a human being wilfully, premeditatedly, and with malice aforethought, but without deliberation. State v. Murphy, 292 Mo. 275, 237 S.W. 529 [12]; State v. Linders, Mo.Sup., 224 S.W.2d 386 [10]. Premeditation means thought of beforehand for any length of time, however short. State v. Malone, 333 Mo. 594, 62 S.W.2d 909 [5]. The above recitation of the facts clearly establishes that there was sufficient evidence from which the jury could find every essential element of murder in the second degree, including premeditation.

Shortly after appellant was apprehended he was questioned by the St. Louis police and a statement prepared in question and answer form. The questions and answers which were read to the jury without objection, included the following: "Q. Are you married? A. Well, not exactly I live with a woman and have four kids, but she's not my legal wife." The woman with whom appellant had been "living" was otherwise identified as Georgia Lee Taylor who was called as a witness by the state. After giving her name she was asked: "And is that Miss, or Mrs. Taylor?" She replied that it was "Miss."

In the closing argument to the jury the assistant circuit attorney made the following statement: "You talk about good character, and I say this with reservation, you talk about good character, a confessed adulterer living in adultery, this is the good character, this is the law abiding citizen parading up and down your street with a weapon in his busom, a concealed loaded gun—." At this point defense counsel interposed an objection to the reference that appellant was an adulterer for the reason that there was "no evidence entered that he was." The objection was overruled.

 There is no evidence that appellant was guilty of adultery as that crime is defined and made punishable by Section 563.-150 RSMo 1949, V.A.M.S. Not only does the evidence fail to show that either appellant or Georgia Lee Taylor was married, it establishes the contrary. While appellant's statement may have been an admission that he was guilty of some other offense, it was not an admission that he was guilty of the crime charged against him by the assistant circuit attorney. State v. Sekrit, 130 Mo. 401, 32 S.W. 977; State v. Chandler, 132 Mo. 155, 33 S.W. 797, 53 Am.St.Rep. 483; State v. McGehee, 308 Mo. 560, 274 S.W. 70; State v. Hillman, 128 Mo.App. 172, 106 S.W. 603; State v. Holland, 162 Mo.App. 678, 145 S.W. 522.

 Appellant put his character in issue by offering evidence as to his reputation for "peaceful and violence." Within the limits of the evidence, the assistant circuit attorney in this case was entitled to comment on appellant's relationship with Georgia Lee Taylor, and to comment on appellant's character for the purpose of throwing

light on the question of guilt or innocence. But even though appellant's character was in issue and there had been admitted without objection evidence of misconduct on his part, the assistant circuit attorney was not authorized, under the guise of commenting on appellant's character, to charge him with the commission of a specific crime of which there was no evidence in the record, and incidentally the evidence of which, if it had been offered, would not have been "such as bears analogy and reference to the nature of the charge" on which appellant was being tried. State v. Beckner, 194 Mo. 281, 292, 91 S.W. 892, 894, 3 L.R.A., N.S., 535. See also State v. Archie, 301 Mo. 392, 256 S.W. 803; State v. Williams, 337 Mo. 884, 87 S.W.2d 175, 100 A.L.R. 1503; 1 Wharton's Criminal Evidence, 12th ed., § 231.

■ In its brief the state contends that the argument to the jury that defendant was a "confessed adulterer living in adultery" was responsive to the evidence, and that the "argument was retaliatory." As previously shown, this argument was not supported by the evidence, and under the circumstances it was not justified as an argument in retaliation to argument of defense counsel. It is not contended, and there is nothing in the record to show that defendant's counsel had made any argument material to this question other than that the state had not brought forth witnesses to refute appellant's evidence of his good character. This argument of defense counsel could not permit the assistant circuit attorney by way of retaliation to charge appellant with the commission of a separate crime when there was no evidence of the commission by appellant of that crime.

■ Although the comment of the assistant circuit attorney was clearly erroneous, was it prejudicially so? There is little doubt but that the jury understood that the reference to appellant as a "confessed adulterer living in adultery" pertained to the answer of appellant in the statement to the police that he had been "living" with a woman to whom he was not married. But when the state's attorney referred to appellant as a "confessed adulterer living in adultery," and an objection was made that there was no evidence of this followed by the overruling of the objection, the trial court thereby unquestionably told the jury that the evidence did establish that appellant was a "confessed adulterer living in adultery" just as the assistant circuit attorney had charged. This term carries its own particular meaning, and to many people it probably carries a more degrading implication than any offense of which appellant's statement indicated he might be guilty. In State v. Wellman, 253 Mo. 302, 161 S.W. 795, 799, the defendant was charged with sodomy. There was an improper but unsuccessful effort to prove that the defendant had been guilty of the specific crime of adultery. In the oral argument the prosecuting attorney made this argument: " 'Is he [defendant] the kind of a man that would do it? Did he come in here with a clean record, or does he come in here blackened, as he should be? A man living in adultery on Union avenue.' " Defense counsel objected to the reference that defendant lived in adultery because " 'there is no evidence of that.' " Later the prosecutor stated that defendant was living " 'with a harlot.' " After pointing out that there was no evidence that defendant lived in adultery, or that his wife, the person with whom he was living, was "a harlot," the court stated that the referred to remarks were not warranted by the evidence, and that they were "highly prejudicial to defendant."

■ "The prosecutor should never be allowed to appeal to the jury to convict the defendant because he has committed some other crime not in any way connected with the one for which he is being tried," State v. Jones, Mo.Sup., 221 S.W.2d 137, 138, and certainly should not be permitted to charge him before the jury with the commission of such a crime when there is no evidence that it was committed by the de-

fendant. For other cases where it was held to constitute prejudicial error for the prosecutor to charge in oral argument that the defendant was guilty of another crime unrelated to the one for which he was on trial, see State v. McBrien, 265 Mo. 594, 178 S.W. 489; State v. Hillebrand, 285 Mo. 290, 225 S.W. 1006; State v. Cook, Mo. Sup., 282 S.W.2d 533.

Appellant contends in his "points and authorities" that the instruction on self-defense given by the court was "misleading, confusing, unintelligible and stated the law in a negatively and incomplete manner." The specific objections are not set out, even in the argument, and no cases are cited. This assignment is too general to preserve anything for review, State v. Jordan, Mo.Sup., 235 S.W.2d 379 [7], and we might add that the instruction is not patently erroneous.

One other matter deserves comment. The assistant circuit attorney cross-examined appellant's character witnesses as to whether they had heard that ten years previous to the trial appellant had been arrested in Sikeston, Missouri for assault, and three years previous to the trial he had been arrested in Gary, Indiana for robbery. All the witnesses so questioned testified that they had not so heard. Before the questions were asked, it was established that none of the witnesses had known appellant for ten years, none knew he had lived in Sikeston, and only one had heard that he had been in the area of Gary, Indiana. On direct examination these witnesses had testified only as to the reputation of appellant for "peaceful and violence" in the community where he lived and at the time the charged offense was committed.

No objection was made to the question pertaining to the arrest in Indiana when first asked. However, when the question was asked the same witness concerning the arrest in Sikeston, defense counsel objected because the witness had stated that he did not know appellant in either location. Ap-

parently counsel intended to give another reason for the objection but the trial court interrupted and sustained the objection. There then followed a conference "off the record" after which the trial court reversed its ruling and permitted the witness to answer. No further objection was made to the cross-examination of this witness, and no objection was made when other witnesses subsequently were so questioned. Appellant assigns this cross-examination as error in his motion for new trial, and he contends in his brief that it constituted reversible error. Under the circumstances we are constrained to hold that the failure to renew the one objection made, and to object when other witnesses were so cross-examined waived the error, if any. State v. Slaten, Mo.Sup., 252 S.W.2d 330 [3]; State v. Null, 355 Mo. 1034, 199 S.W.2d 639 [9]. However, because a new trial must be had, counsel for the state and for the defense should read carefully the excellent discussion of the problems here involved in State v. Carroll, Mo.Sup., 188 S.W.2d 22, and the cases therein cited, and of course, on a new trial, each should be guided accordingly.

The other matters complained of are not likely to recur on a new trial and therefore need not be discussed here. Because of the prejudicial error above mentioned, the judgment is reversed and the cause remanded.

BOHLING and BARRETT, CC., concur.

PER CURIAM.

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

EAGER, P. J., STORCKMAN, J., and JAMES W. BROADDUS, Special Judge, concur.

LEEDY, J., not sitting.