**David Errol KING, Appellant,**

**v.**

**UNITED STATES of America,**
**Appellee.**

**No. 22645.**

United States Court of Appeals
Ninth Circuit.

May 9, 1969.

John Corry Fell (argued), San Jose, Cal., for appellant.

Edwin L. Miller, U. S. Atty., Shelby R. Gott, Ast. U. S. Atty. (no appearance for argument), San Diego, Cal., for appellee.

Before KOELSCH and BROWNING, Circuit Judges, and *JAMESON, District Judge.

PER CURIAM.

Appellant was convicted in a nonjury trial on two counts of an indictment—the first count charging importation of heroin in violation of 21 U.S.C. § 173, and the second count charging the facilitation of the transportation and concealment of heroin knowing it had been imported illegally, in violation of 21 U.S.C. § 174. He was sentenced to six years on each count, to run concurrently. The punishment prescribed for each offense is a minimum of five years and maximum of 20 years. The sentence of six years accordingly is one year above the minimum.

 Judgment was entered on November 30, 1967. Appellee suggests that the appeal was not timely since the notice of appeal was filed on December 13, 1967. The record, however, discloses that the notice of appeal was dated December 6, 1967, and apparently was received by the clerk of court on December 8, 1967. An affidavit to proceed with the appeal in forma pauperis was also signed December 6 and was filed on December 11. An order permitting the appeal in forma pauperis and notice of appeal were then filed on December 13, 1967. The appeal was timely in view of the receipt by the clerk within ten days of notice of appeal signed by appellant.

* Honorable William J. Jameson, United States Senior District Judge, Billings, Montana, sitting by designation.

Appellant does not question his conviction, but contends that the court erred in its presentence procedures in receiving extrajudicial statements of the United States Attorney and a customs inspector and in imposing sentence without a presentence report from the probation officer.

After finding appellant guilty of the offenses charged, the court obviously was seeking further information regarding appellant's background and activities. In response to questions of the court statements were made by Government counsel and the customs inspector, and also by appellant and his counsel. Counsel for the Government urged a sentence in excess of the minimum. Counsel for appellant argued that the minimum of five years should be imposed. All proceedings were in the presence of appellant and his counsel.

It is well settled that under the "modern philosophy of penology that the sentence should fit the offender and not merely the crime", the sentencing judge should not be denied an opportunity to obtain pertinent information by a requirement of rigid adherence to the restrictive rules of evidence properly applicable to the trial. Williams v. New York, 1949, 337 U.S. 241, 247, 69 S.Ct. 1079, 93 L.Ed. 1337. The court may properly request and receive recommendations regarding sentencing from representatives of the Government. Noell v. United States, 9 Cir. 1950, 183 F.2d 334.

While ordinarily it is desirable to obtain a presentence report pursuant to Rule 32(c) of the Federal Rules of Criminal Procedure, this is not required. Roddy v. United States, 10 Cir. 1961, 296 F.2d 9. This is particularly true where, as here, all the presentence information was presented in open court in the presence of the defendant and his counsel, with full opportunity to rebut or explain it.

The judgment is affirmed.