**UNITED STATES of America, Plaintiff-Appellee,**

v.

**John Thomas SANDERS, Defendant-Appellant.**

No. 72-1545.

United States Court of Appeals, Ninth Circuit.

Aug. 24, 1972.

Rehearing Denied Sept. 26, 1972.

As Amended Nov. 1, 1972.

**674**

Peter D. Beren, of Myers & Beren, Tucson, Ariz., for defendant-appellant.

William C. Smitherman, U. S. Atty., James M. Wilkes, Asst. U. S. Atty., Tucson, Ariz., for plaintiff-appellee.

Before KOELSCH, DUNIWAY and CHOY, Circuit Judges.

PER CURIAM:

A border search of an automobile, of which Sanders was the owner, driver and sole occupant, revealed some 90 pounds of marijuana concealed in a secret compartment at the back of the rear seat. Following a jury trial, Sanders was convicted of the unlawful possession [21 U.S.C. § 841(a)(1)] and importation of marihuana [21 U.S.C. § 952(a)], and sentenced to concurrent terms of five years on each of the two counts.

On this appeal Sanders challenges not only the integrity of the verdict, but also the sentences.

█ The language used by the prosecutor in his closing argument, which it is urged constituted a comment upon Sanders' failure to take the stand, was not "of such character that a jury would naturally and necessarily take it to be a comment." Hayes v. United States, 368 F.2d 814 (9th Cir. 1966). In essence, it was no more than an observation that Sanders did not indicate surprise when the marihuana was discovered in his vehicle; and it was made in response to defense counsel's argument.

Sanders' remaining points are equally lacking in merit.

█ Federal courts are not required by statute or rule to cause an investigation and report to be made concerning the accused prior to imposing sentence [King v. United States, 410 F.2d 1127 (9th Cir. 1969)], and if due process and equal protection require some such inquiry, the record here discloses that Sanders was not unfairly and arbitrarily treated.

█ The punishment imposed upon Sanders was within the maximum permitted by the law for each of the two offenses. [Both 21 U.S.C. § 841(b)(1)(B) and 21 U.S.C. § 960(b)(2) permit, for offenses involving non-narcotic substances, sentences of not more than 5 years]. "The settled rule is that appellate courts will not change a sentence which falls within the limits of the statute." Gebhard v. United States, 422 F.2d 281 (9th Cir. 1970).