**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Leonard STEWART,
Defendant-Appellant.**

No. 39035.

Missouri Court of Appeals,
St. Louis District,
Division One.

April 11, 1978.
Motion for Rehearing and/or Transfer
Denied May 9, 1978.

Richard L. Rodemyer, Asst. Public Defender, St. Louis, for defendant-appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

McMILLIAN, Judge.

Appellant appeals from judgments of conviction finding him guilty of burglary second degree and stealing, and burglary second degree, and concurrent sentences of ten (10) years imposed thereon.

Inasmuch as the point appellant raises on appeal was not raised in his motion for a new trial, we hold that the error claimed is not preserved for review. Rule 27.20(a), V.A.M.R. and *State v. Gomillia,* 529 S.W.2d 892 (Mo.App.1975). Recognizing this shortcoming, appellant seeks review under our "plain error" rule. Rule 27.20(c), V.A.M.R. This concession we will grant.

Two separate apartments located at 2301 Montezuma in St. Louis County were forcibly broken and entered: one was a display apartment and the other was occupied by a Mr. Freebersyser. From the Freebersyser apartment stereo equipment, bonds and ten silver dollar coins were taken. In a car seen leaving the scene that matched the description given by a witness, an officer arrested the appellant, and seized from the glove compartment ten silver dollars and from the back seat the stereo components. Not only was appellant identified by a witness as the person that was seen leaving one of the apartments but also a full confession was given by appellant to one of the investigating officers. Appellant neither testified nor offered any evidence in his own behalf.

During the final argument the prosecuting attorney stated, for the purpose of explaining why the stereo components were not produced as evidence, ". . . It would be an undue hardship to dismantle all the equipment when we have such good pictures. And . . . this evidence is not contradicted. Nobody has said that this wasn't Jim Freebersyser's equipment." After an objection by appellant's counsel that the above argument implied to the jury that appellant had to disprove his guilt, the prosecutor continued: "There has been no

evidence presented to indicate that this wasn't his stereo equipment. There has been no evidence presented to indicate it wasn't his money. There has been no evidence presented at all to indicate that this defendant was not guilty. . . ."

■ Appellant asserts that the argument as made by the prosecutor indirectly referred and alluded to his failure to testify. If the prosecutor's summation overstepped the permissible bounds of legitimate argument, and was in violation of the Fifth and Fourteenth Amendments of the United States Constitution and also in violation of the Missouri Constitution, Art. I, § 19; § 546.270 RSMo1969, Rule 26.08, V.A.M.R., then such statements made by the prosecutor would be "plain error" affecting substantial rights from which we should find that manifest injustice resulted. *See State v. Beasley,* 404 S.W.2d 689, 690 (Mo.1966).

■ It is settled in Missouri that for a constitutional violation to arise in this area, and for the "plain error" rule to be invoked, a direct and certain reference to a defendant's failure to testify must be made. *State v. Hutchinson,* 458 S.W.2d 553, 555 (Mo.1970) and *State v. Johnson,* 536 S.W.2d 851, 857 (Mo.App.1976). In addition, comments referring to the fact that the state's testimony has been "uncontradicted" has been held proper as a mere contention relating to the weight of the state's testimony. *State v. Morgan,* 444 S.W.2d 490, 493 (Mo. 1969). In *Morgan,* supra, the Missouri Supreme Court held that the prohibition of § 546.270 RSMo1969, and Rule 26.08, V.A. M.R. is against comments that the accused did not testify, and not comments that the accused did not offer any evidence.

■ Applying these general rules to the situation appellant's constitutional rights were not violated in the present case. The prosecutor made one reference to the fact that the evidence was "not contradicted" and three references to the fact that there was "no evidence presented" to indicate that the state's evidence was not true. There was, however, no direct reference to the fact that the accused did not testify in

his own behalf. The law is settled in this area, and we will not disturb the cases as they stand presently.

We feel compelled, however, to comment on possible weaknesses in this area which the Missouri Supreme Court may wish to reconsider in the future.

It cannot be disputed that an accused's right not to testify against himself is a fundamental tenet of our legal system. *Griffin v. California,* 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1970) and *Malloy v. Hogan,* 378 U.S. 1, 84 S.Ct. 1489, 12 L.Ed.2d 653 (1963). Therefore, we believe a strict test should be applied when dealing with possible deprivations in this area.

In *State v. Hutchinson,* supra, the Missouri Supreme Court articulated a "direct and certain" test to be applied in determining whether a comment referred to the accused's failure to testify. Under the "direct and certain" test, the only situation which would violate this test would be where the prosecutor stated plainly, "The accused did not testify in his own defense." We suggest that the scope of this test is too narrow, especially when dealing with a constitutional or fundamental right.

The applicable test should be broadened to include indirect references. In *United States v. Mahanna,* 461 F.2d 1110 (8th Cir. 1972), the Eighth Circuit held that in determining whether a remark falls within the boundary of a Fifth Amendment prohibition, the test is whether, in the circumstances of the particular case, the language used was manifestly intended or was of such character that the jury would *naturally and necessarily* take it to be a comment on the failure of the accused to testify.[1] *Id.* at 1114. Applying this test to the fact situation in the present case, a jury could "naturally and necessarily" have inferred that the defendant had failed to testify in his own behalf from the prosecutor's repeated references to the fact that the defendant

had offered no evidence to show that he was not guilty.

Although we do not disturb Missouri's "direct and certain" test, it appears as though a reconsideration by the supreme court may be wise in light of the "naturally and necessarily" test followed by the Eighth Circuit and others.

Judgments affirmed.

CLEMENS, P. J., concurs.

SMITH, J., concurs in result but not in the last five paragraphs of the opinion.

---

1. Accord, see *United States v. Williams,* 172 U.S.App.D.C. 290, 293, 521 F.2d 950, 953 (1975); *United States v. Sanders,* 466 F.2d 673, 674 (9th Cir. 1972) (Per Curiam); *Davis v. United States,* 357 F.2d 438, 441 (5th Cir.) *cert. den.* 385 U.S. 927, 87 S.Ct. 284, 17 L.Ed.2d 210 (1966); *United States ex rel. D'Ambrosio v. Fay,* 349 F.2d 957, 960 (2d Cir.) *cert. den.* 382 U.S. 921, 86 S.Ct. 301, 15 L.Ed.2d 235 (1965); *Knowles v. United States,* 224 F.2d 168, 170 (10th Cir. 1955).