**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Jacquelin GUERNSEY,
Defendant-Appellant.**

**No. 10394.**

Missouri Court of Appeals,
Southern District,
Division Two.

Feb. 6, 1979.

Tyce S. Smith, Waynesville, for defendant-appellant.

WILLIAM L. RAGLAND, Special Judge.

Defendant Jacquelin Guernsey appeals from her conviction by a jury of stealing a motor vehicle, § 560.156, RSMo 1969, and the resultant five year sentence.

In August 1975 defendant drove an automobile owned by one David Scott from Pulaski County, Missouri to Romoland, California. She remained in California for approximately four months before returning to Pulaski County where she was arrested, with the automobile in her possession, charged and subsequently convicted. Although admitting that she did not have the express permission of Scott to take the automobile to California, she defends on the grounds that she maintained contact with Scott, discussed the return of the automobile and at no time claimed ownership of the automobile. She therefore asserts that she did not intend to permanently deprive the owner of the use of his property, which is one of the essential elements of the State's case. With this defense injected into the case and to properly dispose of her assignment of error, a more detailed statement of the facts is required.

Defendant, a native of Massachusetts, arrived in Pulaski County with her husband, a serviceman, in December 1973. She apparently experienced marital difficulties, separated from her husband in February 1975 and, without obtaining a dissolution, began residing with Scott, also a serviceman. During this adulterous relationship Scott assisted in her support although she was receiving welfare benefits for herself and her children. They lived as if they were husband and wife and it is presumed that Scott received the usual marital benefits while her reward was the full use of the automobile while Scott was on duty at Fort Leonard Wood. This relationship was scheduled to terminate in August 1975 when Scott was to be sent to duty overseas.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Daniel F. Lyman, Asst. Attys. Gen., Jefferson City, for plaintiff-respondent.

On August 5, 1975, defendant took Scott to Fort Leonard Wood, returned to their

trailer, "packed a few things", left him a note "explaining everything" and drove to Fort Worth, Texas where she remained overnight. Defendant then drove to El Paso, Texas where she remained for several days, then to Romoland, California where she obtained employment and remained until December 14, 1975 when she returned to Pulaski County. The record in this case suggests that while in California the defendant gave birth to a child. Although not properly preserved for review, defendant unsuccessfully sought to prove that Scott was the father of this child. Considering the time element when the parties lived together, it must be observed that Scott certainly could have been the father of the child and in fact may have owed some duty to the defendant.

On August 19, 1975, Scott reported to his insurance company and the Prosecuting Attorney of Pulaski County that his automobile had been stolen and obtained a warrant for the arrest of the defendant.

The defendant, although unsuccessful on numerous instances, did make frequent contacts with Scott after August 5, 1975 and most if not all were admitted by the State's witnesses. On August 6, 1975 defendant called Scott from Fort Worth, Texas advising him of her location and destination. Defendant's girlfriend in El Paso, Texas, later advised Scott that defendant was en route to California.

Upon her arrival in California, defendant, learning that Scott was no longer at Fort Leonard Wood, began calling for him at his parents' home in Marshall, Missouri, finally talking to him on August 11, 1975. In this conversation Scott admits that he made no demand for the return of the automobile nor did he advise defendant that he had reported his automobile stolen and obtained a warrant for her arrest. Her suggestion to him that he fly to California to return the automobile was declined because of lack of finances, although he apparently experienced no difficulty in flying from Mannheim, Germany to prosecute his former lover.

Following this conversation, defendant wrote several letters to Scott in Germany and in November, defendant sent a telegram to Scott offering to pay his expenses for a return trip to the United States.

Of interest is the fact that Scott's stepfather was the agent for the insurance company having theft coverage on the automobile and he processed the claim, resulting in a payment to Scott in the amount of three thousand seven hundred dollars ($3,700.00).

Curiously, the record fails to show any attempt by the authorities in Pulaski County to have the warrant executed in California although the defendant's location was well known by the State's principal witness, David Scott; nor does the record show any attempt by the insurance company to recover this automobile although its location was well known by their insured, David Scott.

Inasmuch as the point defendant raises on appeal was not raised in her motion for a new trial, we hold that the error claimed is not preserved for review. Rule 27.20(a), V.A.M.R., and *State v. Gomillia*, 529 S.W.2d 892 (Mo.App.1975). Recognizing this shortcoming, defendant seeks review under our "plain error" rule. Rule 27.20(c), V.A.M.R. This concession we will grant. *State v. Stewart*, 566 S.W.2d 264 (Mo.App.1978); *State v. Beasley*, 404 S.W.2d 689, 690 (Mo. 1966).

Defendant raises only one point in her appeal. She complains that the prosecutor made a prejudicial argument by indicating to the jury that a prior misdemeanor theft conviction adduced into evidence for impeachment of the defendant's credibility could be utilized by the jury to establish the mental intent which is an element of the charged offense. She contends that this argument is erroneous to an extent requiring the trial court to declare a mistrial sua sponte. We are constrained to agree with defendant.

The alleged prejudicial argument occurred in the rebuttal portion of the State's summation when the prosecutor stated:

"I suggest to you that on the basis of that and on the inclination—the Court gives an instruction to that—there is a

certain ring of truth to that 'once a thief, always a thief.' I think you can take that into consideration. If she can shop-lift, she can take a car. I think common sense people would take that into consideration."

■ It is a correct statement of the law that every error which might occur in the trial of a case does not necessarily require the granting of a mistrial, *State v. Camper*, 391 S.W.2d 926 (Mo.1965), and "The granting or refusal of a mistrial for improper argument lies largely within the discretion of the trial court." *State v. King*, 334 S.W.2d 34, 40 (Mo.1960); *State v. Smith*, 431 S.W.2d 74, 83 (Mo.1968). The authority of a court to grant a mistrial "should be exercised only in extraordinary circumstances," *State v. James*, 347 S.W.2d 211, 214 (Mo.1961), which is another way of saying that "a mistrial should be granted only when the incident is so grievous that the prejudicial effect can be removed no other way." *State v. Camper*, supra, at 928.

We believe the argument in this case falls within the latter classification in that it overstepped the permissible bounds of legitimate argument and, as such, was "plain error" affecting substantial rights from which we should find that manifest injustice resulted. *State v. Stewart*, supra.

■ The law is well settled that the only legitimate purpose of an argument concerning prior conviction lies in its bearing upon the credibility of the defendant. *State v. Jones*, 221 S.W.2d 137 (Mo.1949); *State v. Jones*, 249 Mo. 80, 155 S.W. 33 (1913); *State v. Jackson*, 336 Mo. 1069, 83 S.W.2d 87, 103 A.L.R. 339 (1935); *State v. Baber*, 297 S.W.2d 439 (Mo.1956); *State v. Reagan*, 108 S.W.2d 391 (Mo.1937); *State v. Mitchell*, 86 S.W.2d 185 (Mo.1935); *State v. Cook*, 282 S.W.2d 533 (Mo.1955); *State v. Wellman*, 253 Mo. 302, 161 S.W. 795 (1913). It is improper to argue prior unconnected crimes as reflecting upon the defendant's character or as a basis for conviction in the case on trial. See the cases just cited. *State v. Mobley*, 369 S.W.2d 576 (Mo.1963). Also in *State v. Mobley*, supra, at 581, the following language, quoted with approval

in *State v. Scott*, 459 S.W.2d 321 (Mo.1970), is pertinent to the issues in this case:

"All lawyers and judges know that a jury's knowledge of prior convictions is, in itself, a most damning thing in the trial of a criminal case. When used for legitimate purposes, the defendant must take his chances on this. But prosecutors should not seize upon such an opportunity to further prejudice the defendant by undue repetition and insinuations, *or to convey the idea of guilt by reason of the prior offenses.*" (emphasis ours)

The effect of prejudicial argument concerning prior convictions was further discussed in *State v. Phelps*, 478 S.W.2d 304, 307–308 (Mo.1972). In that case the prosecuting attorney made this statement to the jury: " 'In other words, was he [defendant] telling the truth when he took the stand, and you can consider his past convictions for the unlawful use of firearms in determining whether or not this man committed this crime; in determining whether or not this man came to Harley Simpson's station.' Defendant objected to the comment and requested the court 'to instruct the jury to disregard that as being improper argument.' The court sustained the objection and instructed the jury as follows: ' * * * you will disregard the statement that you can consider the fact that he had been committed or had been convicted of committing another crime in considering his guilt in this case.' * * * The prosecutor immediately asked to be excused for misstating the rule, and he then correctly stated it."

It therefore became necessary, in ruling defendant's assertion that the argument constituted prejudicial error, for the court to answer two questions. The first being the meaning of what was said by the prosecutor and secondly, did the action of the trial court have a curative effect on the improper argument. In answering the first question, the court stated at 307:

"Section 491.050, RSMo 1969, V.A.M.S., provides that a person who has previously been convicted of a criminal offense is a competent witness, but the conviction

may be proved to affect his credibility, that is, as affecting his worthiness of belief. In this case the prosecutor argued to the jury that it could consider defendant's previous conviction of a crime in its determination of whether the defendant was telling the truth when he testified. That was not objectionable. However, it is improper to argue the existence of prior unconnected crimes as a basis for a conviction in the case on trial, *State v. Mobley*, Mo., 369 S.W.2d 576, 580, and it reasonably could be said, when considered alone, that the words of the prosecutor were to that effect when he said to the jury that it could consider previous conviction of crime 'in determining whether or not this man committed the crime; in determining whether or not this man came to Harley Simpson's station.' But, when the total comment is considered in context it is equivocal and is at least subject to the argument that what the prosecutor said was that a previous conviction of a crime could be considered in determining whether the defendant was telling the truth when he testified that he did not commit the robbery and was not at the service station."

The court in answer to the second question concluded "*In view of the action taken*, (emphasis ours) and the trial court's ability and opportunity to view the incident in context, we find no abuse of discretion." *State v. Phelps*, supra, at 308.

It seems clear that this decision was, therefore, based on a finding that not only was the argument complained of equivocal but also the action taken by the trial court was of importance. In other words, we believe the court held that to avoid the rule of *Mobley*, supra, some action must be taken to mitigate the poisonous effect of the improper argument. We find nothing of that nature in the instant case. The argument complained of was neither ambiguous nor equivocal nor was any action whatsoever taken by either defense counsel or the trial court.

The State contends that the prosecutor's argument was not prejudicial in that it merely concerned defendant's credibility and was therefore harmless error. On that, we cannot agree. The phrase "Once a thief, always a thief", definitely would mean to the average person that once a person becomes a thief, he then adopts a lifetime career of stealing. It indicates a willingness and perpetual intent to engage in thievery. The sentence "If she can shoplift, she can take a car", describes the person's tendency and capability to commit the crime, which is declared to be improper in *Mobley*, supra.

The State further contends that the prosecutor's argument, if improper, was merely in retaliation of closing argument of defendant. *State v. Toney*, 537 S.W.2d 586 (Mo.App.1976). Defendant's counsel, in his closing argument, told the jury that the theft of an eighty cent ($.80) article several years earlier was no reason to send the defendant to jail and that "common sense" would tell the jury that defendant was a "girl in distress." This argument, according to the State, "parade[s] the prior conviction as a virtual badge of [defendant's] distress and therefore justifies retaliation. We fail to see the logic of the State's contention. It seems obvious to us that defendant's counsel was correctly telling the jury that the prior conviction was in itself insufficient to find her guilty. The distress referred to by counsel related to her marital difficulties, lack of finances, etc. We do not believe that counsel was telling the jury that the theft of an eighty cent ($.80) article six years prior resulted in her distress. We therefore find no cause for retaliation.

Having concluded that the argument of the prosecutor was improper, one further question remains; i. e. was the prejudicial error corrected by the instruction given prior to closing argument (MAI–CR 3.58) that prior convictions were for consideration only on the question of defendant's credibility? One would have to be rather naive to believe, under the facts of this case, that it was. The prosecutor in his argument not only ignored the instruction; he, in fact, contradicted it. We have concluded that the prejudice created requires reversal for a new trial. *State v. Scott*, supra.

It should perhaps be noted here that in the instant case, with there being a span of six years between the present offense and the prior conviction, we are not concerned with any question of relevancy to show habit, design or criminal intent. *State v. Stegall,* 353 S.W.2d 656 (Mo.1962). *State v. Scott,* supra.

Accordingly, the judgment is reversed and the cause remanded.

BILLINGS, P. J., and HOGAN, J., concur.